ACCEPTED
01-14-01030-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/15/2015 9:37:56 AM
CHRISTOPHER PRINE
CLERK

No. 01-14-01030-CV

_____

IN THE

COURT OF APPEALS

FOR THE

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/15/2015 9:37:56 AM

CHRISTOPHER A. PRINE
Clerk

FIRST  SUPREME JUDICIAL DISTRICT OF TEXAS

HOUSTON, TEXAS

_____

TARRIS WOODS, Appellant

v.

SANDRA T. KENNER AND CHARLES E.  TWYMON, JR., Appellees

_____

On Appeal from the Probate Court
of Galveston County, Texas
Cause No. PR-0075144

_____

BRIEF FOR APPELLEES,
Sandra T. Kenner and Charles E.  Twymon, Jr.

_____

Thomas W McQuage
State Bar No.  13849400
PO Box 16894
Galveston, Texas  77552
(409) 762-1104
(409) 762-4005 (FAX)
mcquage@swbell.net
ATTORNEY FOR APPELLEES

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

                                                                    PAGE

LIST OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    i

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES ON APPEAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REGARDING APPELLANT'S FIRST ISSUE:
Charles E. Twymon, Jr. properly appeared through counsel

REGARDING APPELLANT'S SECOND AND THIRD  ISSUES:
 Sufficient evidence supporting the probate of a copy of the Decedent's Will

REGARDING APPELLANT'S FOURTH  ISSUE:
Whether a lawyer's appearance for Sandra Kenner in the previous
heirship proceeding does or can affect this case

GENERAL FACT STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT AND AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

REGARDING APPELLEE'S FIRST ISSUE
(Charles E. Twymon, Jr.'s appearance through counsel).  . . . . . . . . . . . . . . . . . 5

REGARDING APPELLANT'S SECOND
AND THIRD  ISSUES
(Evidence supporting the probate of a copy of the Decedent's Will) . . . . . . . . . . 6

REGARDING APPELLANT'S FOURTH  ISSUE
I.  Appellant's reliance on materials outside the record . . . . . . . . . . . . . . . . . . . . 9
II.  No reversible error shown . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION AND PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# LIST OF AUTHORITIES

CASES                                                                                    PAGE

Dixon v. Sanders, 01-10-00814-CV (Tex. App.-Houston [1st Dist.],
May 19, 2011) (mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Capps, 154 S.W.3d 242 (Tex. App.-Texarkana 2005, no pet.) . . . . . . . . . 8

In re Estate of Caples, 683 S.W.2d 741 (Tex. App.--Corpus
Christi 1984, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Estate of Glover, 744 S.W.2d 939 (Tex.1988) . . . . . . . . . . . . . . . . . . . . . . 8

In re Estate of Perez, 324 S.W.3d 257 (Tex. App.-El Paso 2010, no writ) . . . . . . 7

Kunstoplast of Am., Inc. v. Formosa Plastics Corp., 937 S.W.2d 455
(Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mingo v. Mingo, 507 S .W.2d 310 (Tex. Civ. App.-San Antonio 1974,
writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Till v. Thomas, 10 S.W.3d 730 (Tex. App.-Houston [1st Dist.] 1999, no pet.) . . 9

STATUTES

Tex. Estates Code, §32.001(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

RULES

Tex. R. App. P. 44.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex.  R. Civ. P. 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. R. Civ. P. 165a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. R. Civ. P. 176.5(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

No. 01-14-01030-CV
_____

IN THE

COURT OF APPEALS

FOR THE

FIRST SUPREME JUDICIAL DISTRICT OF TEXAS

HOUSTON, TEXAS
_____

TARRIS WOODS, Appellant

v.

SANDRA T. KENNER AND CHARLES E. TWYMON, JR., Appellees
_____

On Appeal from the Probate Court
of Galveston County, Texas
Cause No. PR-0075144
_____

BRIEF FOR APPELLEES,
Sandra T. Kenner and Charles E. Twymon, Jr.
_____

TO THE HONORABLE COURT OF APPEALS:

Sandra T. Kenner and Charles E. Twymon, Jr., Appellees, submit this their brief on appeal from Probate Court of Galveston County, Texas, the Honorable Kimberly Sullivan, Judge Presiding, in its Cause No. PR-0075144.

References are made to the Clerk's record as "(Cl. R.___)," followed by its page number, and to the Reporter's Record by its volume and page number, such as (2 R.R. ___). The parties are referred to by their surnames, and the "Decedent" as

such.

## STATEMENT OF THE CASE

Mr. Woods' brief seems to characterize this case as if it were a civil suit between individual parties. Actually, this is an appeal from an order admitting a copy of a Will to probate. Mr. Woods' appendix correctly attached is a copy of the order probating the Decedent's Will, as the subject of this appeal

## STATEMENT REGARDING ORAL ARGUMENT

The appellees have placed a request for oral argument on the cover page of their brief, only to preserve their right to present argument, and because the Appellant has done so. Appellees do not believe that the Court should invest its resources in oral argument in this case for all of the reasons itemized in Tex. R. App. P. 39.1.

## ISSUES ON APPEAL

REGARDING APPELLANT'S FIRST ISSUE: Charles E. Twymon, Jr. properly appeared through counsel.

REGARDING REGARDING APPELLANT'S SECOND AND THIRD ISSUES:

Sufficient evidence supporting the probate of a copy of the Decedent's Will.

REGARDING APPELLANT'S FOURTH ISSUE:

Whether a lawyer's appearance for Sandra Kenner in the previous heirship proceeding does or can affect this case.

Appellees do not challenge the Appellant's recital of the Decedent's marital and family history, the date of his death, and the preparation of his Will by attorney Penny L. Pope. Ms. Pope also testified that the instrument submitted for probate was a true copy of the Will that she had prepared for the Decedent, and that the original Will had been prepared with the formalities required to make a valid Will. (2 R.R. 22).

During Hurricane Ike, the Decedent's Galveston home suffered about six feet of flooding, so the inside of the house "got wiped out." (2 R. R. 23). The floodwaters rose to the level of the ceiling fans within the house. (2 R.R. 30). Consequently, everything in the house was saturated. (2 R.R. 30, 40). Once the residents of Galveston were permitted to return to their homes, Ms. Kenner brought the Decedent to Galveston from League City every day for about two weeks, to clean out the contents of his home. (2 R.R. 30). Everything that had been in the Decedent's house – including diplomas, certificates and the sorts of papers which parents keep regarding their children's lives – were all thrown away. (2 R.R. 30). No other members of the Decedent's family participated in that process. (2 R.R. 39).

The Decedent did not go through any of the papers before they were discarded. (2 R.R. 40). "He just sat there." Everything was saturated, and no papers were

legible. (2 R.R. 40).

Ms. Pope and the Decedent were "somewhat" acquainted personally, as well as in her professional capacity. (2 R.R. 21). Several years after Hurricane Ike in 2008, Ms. Pope and the Decedent saw one another at a restaurant, and the Decedent indicated that he was thinking about having another Will prepared. (2 R.R. 23, 25). Although there were some follow-up conversations between the Decedent and Ms. Pope, no new Will was prepared. (2 R.R. 23).

Mr. Woods called a nonparty witness, who claimed to be well acquainted with the Decedent from their 10 year work history together, and who never heard the Decedent say that he executed another Will, or intended to do so. (2 R.R.41-44). A portion of the prior testimony of Mr. Twymon, Jr. (the Decedent's son) was read to the trial court, indicating that he did not know what happened to his father's original will, and that it was certainly possible that his father wrote another one. (2 R.R. 54-55). Mr. Twymon, Jr., was also asked the question, "Does your father have a will?", and he answered, "he has a will, but it got washed away in Ike." (2 R.R. 56).

The Decedent never said anything to Ms. Kenner about destroying his will. (2 R.R. 30). Mr. Woods successfully objected to Mrs. Kenner recounting what the Decedent had told her about his Will. (2 R.R. 31).

## SUMMARY OF ARGUMENT

CharlesTwymon, Jr., appeared at the trial of this in rem matter through counsel, as <u>Tex. R. Civ. P.</u> 7 expressly authorizes. The trial court heard sufficient evidence of the likely destruction of the Decedent's Will by Hurricane Ike to overcome the presumption that the Will had been revoked. Mr. Woods' complaint about what a lawyer said on behalf of Ms. Kenner at a hearing on a prior heirship proceeding does not present any error properly based on the record of the proceedings in this case, nor articulate how the subject of this complaint produced an improper judgment.

## ARGUMENT AND AUTHORITIES

### <u>REGARDING APPELLANT'S FIRST ISSUE</u>:
(Charles E. Twymon, Jr.'s appearance through counsel)

The absence of Charles E. Twymon, Jr.'s body from the proceedings below is expressly authorized by the Texas Rules of Civil Procedure. "Any party to a suit may appear and prosecute or defend his rights therein, *either in person or by an attorney* of the court." <u>Tex. R. Civ. P.</u> 7 (emphasis added). This rule explains why corporations or other fictional legal entities can actually participate in the judicial system, since they are incapable of manifesting a physical persona. <u>See</u> <u>Kunstoplast of Am., Inc. v. Formosa Plastics Corp</u>., 937 S.W.2d 455, 456 (Tex. 1996)("Generally a

corporation may be represented only by a licensed attorney, ... and an individual must appear in person *or by an attorney*")(again, emphasis added). Mr. Twymon, Jr., prosecuted his rights in this proceeding through an attorney of record. See entire Reporter's Record. Had Mr. Woods wanted to insist on Mr. Twymon, Jr.'s presence, he could have exercised his right under Tex. R. Civ. P. 176.5(a), to serve a subpoena on Mr. Twymon's attorney of record.

A probate proceeding is in rem, and this one was brought by two applicants. See Tex. Estates Code, §32.001(d), Cl. R. 1. Consequently, the notion that the absence of one of multiple applicants invoking the Probate Court's in rem jurisdiction would somehow unravel that jurisdiction seems to be a legal impossibility. Finally, Mr. Woods' claim that the Probate Court was obligated to dismiss Mr. Twymon, Jr.'s probate application for want of prosecution cannot coexist with Tex. R. Civ. P. 165a, which would have required notice and hearing of the court's intention to dismiss his case for want of prosecution before any actual dismissal could have occurred.

REGARDING APPELLANT'S SECOND AND THIRD ISSUES:
(Evidence supporting the probate of a copy of the Decedent's Will)

Mr. Wood's principally relies on Mingo v. Mingo, 507 S .W.2d 310 (Tex. Civ. App.-San Antonio 1974, w rit ref'd n.r.e.), as authority for the proposition that Mr. Twymon, Jr., and Ms. Kenner failed to satisfy their burden to overcome the

presumption of revocation arising from the disappearance of the original Will. That case was instructively distinguished in reaching a different result in In re Estate of Perez, 324 S.W.3d 257 (Tex. App.-El Paso 2010, no writ). There, Mr. Perez's Will was kept in cedar chest at home, his family had the ability to enter this chest, and his daughters had taken some of his belongings from the chest, before and after his death. In Mingo v. Mingo, supra, on the other hand, the Will was kept in a bank safety deposit box with strict and recorded access, but was absent from the safe deposit box when the Decedent's died. This distinction, said the El Paso Court, commanded a different result. Viewing the evidence in the light most favorable to the trial court's findings (as this Court must do here), the El Paso Court found that this evidence constituted more than a scintilla of evidence to support the trial court's judgment that Mrs. Perez had overcome the presumption of revocation. Id., at 262.

Here, the Decedent's Will was not kept in a secure location from which it mysteriously disappeared. This trial court had before it evidence that the Decedent's Will "got washed away in Ike," along with all the rest of the Decedent's saturated and illegible papers, and all his other personal belongings. This evidence permitted the court below to find that Ms. Kenner and Mr. Twymon, Jr., satisfied their burden to show that the Decedent did not revoke his Will, any more that he deliberately destroyed everything else he owned.

-7-

The sufficiency of the evidence to overcome the presumption of revocation is reviewed by a preponderance of the evidence standard. In re Estate of Glover, 744 S.W.2d 939, 940 (Tex.1988)(disapproving earlier cases requiring that the presumption be overcome by clear and convincing evidence, apparently including Mingo v. Mingo, 507 S .W.2d 310 (Tex. Civ. App.-San Antonio 1974, writ ref'd n.r.e.)). This presumption may be overcome by proof showing circumstances contrary to revocation. In re Estate of Perez, supra, at 261, In re Capps, 154 S.W.3d 242, 244 (Tex. App.-Texarkana 2005, no pet.).

When a party challenges the legal sufficiency of the evidence to support a finding favoring the party who had the burden of proof, that challenge must be overruled if any probative evidence supports it, considering only the evidence and inferences which support the finding in the light most favorable to the finding and disregarding evidence and inferences to the contrary. In re Capps, supra. Factual sufficiency review requires consideration of all of the evidence and the finding will be set aside only if the evidence that supports the finding is so weak as to be clearly wrong and manifestly unjust. In re Estate of Perez, supra, at to 60. Mr. Woods does not tell us which kind of sufficiency review he seeks, but his prayer for relief is for remand, implying a request for factual sufficiency review.

One recurring theme in our jurisprudence concerns rebuttal of the presumption

of revocation by proof and circumstances suggesting ready access to a testator's important papers by potentially self-interested family members.  See e.g., In re Estate of Perez, supra, and In re Estate of Caples, 683 S.W.2d 741 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.).  The evidence in this case shows that same kind of ready access to the Decedent's papers, not by some relative with suspicious motives, but by a natural disaster of motiveless malignancy, which did in fact seize and destroy all of the Decedent's personal papers and belongings, as well as those of many other Galvestonians.  A more powerful, factually sufficient rebuttal of the presumption of revocation is difficult to imagine.

REGARDING APPELLANT'S FOURTH  ISSUE:
(Whether a lawyer's appearance for Sandra Kenner in the previous heirship proceeding does or can affect this case)

I.  Appellant's reliance on materials outside the record

Mr. Woods' final issue seeks this Court's review based on a collection of written materials appended to his brief.  Those materials do not appear in the record of this case as having presented to the court below. Therefore, this Court's holding in Till v. Thomas, 10 S.W.3d 730 (Tex. App.-Houston [1st Dist.] 1999, no pet.), seems dispositive:

> We cannot consider documents attached to an appellate brief that do not appear in the record..... This Court must hear and determine a case on the record as

filed, and may not consider documents attached as exhibits to briefs. Id., at 733 (citation omitted). Another more recent example from this Court is <u>Dixon v. Sanders</u>, 01-10-00814-CV (Tex. App.-Houston [1st Dist.], May 19, 2011) (mem. op.), quoting this passage from <u>Till v. Thomas</u>, <u>supra</u>.

II. <u>No reversible error shown</u>

<u>Tex. R. App. P.</u> 44.1(a) provides:

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1) probably caused the rendition of an improper judgment; or

(2) probably prevented the appellant from properly presenting the case to the court of appeals.

Mr. Woods' complaint about whether Ms. Kenner participated in a prior proceeding to determine the Decedent's heirship seems to have no logical connection with the proceedings the subject of this appeal. The Appellant's brief says "the trial court ruled" that an attorney for Ms. Kenner simply "showed up" at that prior heirship hearing, but the trial court made no findings of fact about that subject. (Cl. R. 68-70). The trial court's findings of fact recite the Decedent's death, the execution of a valid Will, and that the Decedent's original Will could not be located after the exercise of reasonable diligence, but that a true copy of the Will was presented for

probate. (Cl. R. 68-70). Although the Appellant filed "objections" to the Appellees' "proposed" findings and conclusions (Cl. R. 64-67), no request for additional findings or conclusions was made, nor were any proposed additional findings submitted. On appeal, Mr. Woods says nothing to explain how the matters raised by the appendix to his brief impair or affect the trial court's findings or judgment in any way. Therefore, Mr. Woods has not satisfied his burden to present reversible error.

## CONCLUSION AND PRAYER

FOR THE REASONS STATED, Appellees, Sandra T. Kenner and Charles E. Twymon, Jr., pray that the judgment of the Galveston County Probate Court be affirmed.

Respectfully submitted,

/s/ Thomas W. McQuage
Thomas W. McQuage
Post Office Box 16894
Galveston, Texas  77552-6894
(409) 762-1104
(409)762-4005(FAX)
State Bar No. 13849400
mcquage@swbell.net
ATTORNEY FOR APPELLEES

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the above was served in accordance with the Texas Rules of Civil Procedure on the15th day of of July, 2015, upon Douglas T. Godinich, through the Efile.TXCourts electronic service.

<u>/s/ Thomas W. McQuage</u>

<u>CERTIFICATE OF WORD COUNT</u>

I certify that this brief contains a total of 2781 words.

<u>/s/Thomas W.  McQuage</u>

-12-