

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00054-CV

---

## IN THE ESTATE OF EVELYN JEWELL HARTWELL, DECEASED

---

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. PR-2022-13127

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Scott Hartwell appeals the trial court's summary judgment finding he was outside of the statute of limitations when he attempted to probate Evelyn Jewell Hartwell's 2004 will. Because the trial court was correct in entering summary judgment against Hartwell, we affirm the trial court's judgment.

## I.      Factual and Procedural Background

Evelyn died on July 20, 2012. Hartwell, Evelyn's grandson, filed an application to probate Evelyn's will on September 19, 2022. In his application, Hartwell alleged that, even though four years had elapsed since the date of Evelyn's death, administration was nevertheless necessary to receive or recover property due to Evelyn's estate.

Evelyn's will, dated July 30, 2004, bequeathed to Hartwell "an option to purchase all the real property which constitutes [Evelyn's] residential homestead (being the property known as 'The Homeplace,' and consisting of the house and 141 acres) at a purchase price of $60,000.00, to be exercised within 6 months following the admission to probate of this Will." Evelyn's three children, Janie Herrington, John Hartwell, and Jerry Hartwell (the Siblings), filed an answer and cross-petition for declaratory judgment and determination of heirship. The answer claimed that no will belonging to Evelyn had been filed for probate within the four years after her death and that they were not made aware of the 2004 will at any point during the four years following Evelyn's death. As a result, the Siblings pled the affirmative defense of limitations and sought judgment declaring that Hartwell was in default by failing to present the 2004 will for probate within four years of Evelyn's death as required by the Texas Estates Code. *See* TEX. EST. CODE

ANN. § 256.003. Because they claimed that Hartwell was not entitled to probate a will outside of the statute of limitations, they asked the trial court to deny his application and to declare that Evelyn's estate should pass through intestacy.

The Siblings filed a traditional motion for summary judgment on their statute of limitations defense. Following a hearing, the trial court found that Hartwell was "in 'default' in the timely filing of Evelyn Jewell Hartwell's will" and that he failed to "use 'due diligence' in probating said will." As a result, the trial court granted the Siblings' traditional motion for summary judgment. On appeal, Hartwell claims that the trial court erred in granting summary judgment because he produced evidence that showed he exercised reasonable diligence, under the circumstances, in attempting to probate the 2004 will.

## II.    The Summary Judgment Evidence

The summary judgment evidence established that Hartwell took eighty-eight-year-old Evelyn to his attorney to prepare a new will in 2004. The will gave Hartwell the six-month purchase option on the 141-acre tract, valued by the Fannin County Central Appraisal District at $1,033,290.00. After Evelyn executed the 2004 will, she told Hartwell to keep a copy and deliver one to John (Hartwell's father) after she died. Evelyn told Hartwell that John would know what to do with the will. Hartwell did not inform his father about the will in 2004. Instead, he gave his father a copy of the will "a couple [of] months after" Evelyn died.

The summary judgment evidence also showed that Hartwell knew the terms of the 2004 will in 2004 and kept a copy of the will in his possession from July 2004 until September 2022,

3

when he filed the will for probate. Undisputed evidence established that Hartwell did not inform Janie and Jerry about the existence of the 2004 will before January 2022.

Hartwell testified that he and his father talked about the will off and on and that his father was supposed to talk to Janie and Jerry about it. Hartwell asked his father several times over the years if "they" had talked about it, but according to his father, they never had. Hartwell stated that, over the next ten years, his father continued to "make representations to [him] about handling [his] grandmother's will, but [he] eventually discovered nothing was ever done regarding the will." Hartwell stated that he "relied on" his "father's words, not understanding the law or probate process, and did not probate the will because" he "trusted [his] father to do the right thing." In July 2022, Hartwell again asked his father if they ever talked about it and was again informed that his father and his other siblings had not discussed the will. That month, Hartwell and his father gave Jerry and Janie a copy of the will. Nothing was ever said about the will after that.

In 2022, Hartwell determined "that [his] father was not going to handle the will." He further claimed that, when he "talked with Jerry, John, and Janie about the will, they told [him] they were all unaware of the will and said that it was an invalid will, which was the opposite of what John had told [him] for ten (10) years." Hartwell stated that, "[a]bsent [his] father's representations that he was handling the 2004 Will, [he] would have taken it upon [him]self to determine what was necessary to probate the 2004 Will and handle [his] grandmother's estate."

4

## III. Standard of Review

"The grant of a trial court's summary judgment is subject to de novo review by appellate courts." *Brown v. CitiMortgage, Inc.*, No. 06-14-00105-CV, 2015 WL 2437519, at *2 (Tex. App.—Texarkana May 22, 2015, no pet.) (mem. op.) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). "In making the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor." *Id.* (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

"To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Id.* (citing TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). "Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact." *Id.* (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)). "A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim." *Id.* (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010)).

## IV. Analysis

Subject to an exception not applicable here,

a will may not be admitted to probate after the fourth anniversary of the testator's death unless it is shown by proof that the applicant for the probate of the will was not in default in failing to present the will for probate on or before the fourth anniversary of the testator's death.

5

TEX. EST. CODE ANN. § 256.003(a); *see Ferreira v. Butler*, 575 S.W.3d 331, 334 (Tex. 2019). "Default" means "failure to probate a will because of the absence of reasonable diligence on the part of the party offering the instrument." *In re Est. of Allen*, 407 S.W.3d 335, 339 (Tex. App.—Eastland 2013, no pet.) (quoting *In re Est. of Perez*, 324 S.W.3d 257, 262 (Tex. App.—El Paso 2010, no pet.)) (construing predecessor to Section 256.003); *see In re Est. of Williams*, 111 S.W.3d 259, 263 (Tex. App.—Texarkana 2003, pet. denied) (construing predecessor to Section 256.003 and finding that "not in default" language held to due-diligence standard).

The Siblings attached evidence to their motion for summary judgment that established that (1) Hartwell had been in possession of the will since 2004, (2) Evelyn died on July 20, 2012, and (3) Hartwell did not file an application to probate the will until September 19, 2022, well past the four-year statute. *See In re Est. of Williams*, 111 S.W.3d at 259, 264 (finding that son was in default when he filed a will ten years after his mother's death and had possession of the will during those ten years). As a result, the burden shifted to Hartwell to present evidence raising a genuine issue of material fact on the issue of default.

For purposes of our analysis, we take as true Hartwell's statements that, "[u]ntil this legal dispute, [he] had a close relationship with [his] father and [he] trusted and relied on [his father] as a family member" and that, [d]uring those times, [they] worked together and had a close and trusting family relationship." Hartwell "trusted [his] father, and based on [his] relationship with [his father] and [his] grandmother's instructions," Hartwell believed that he "could rely on [his father] regarding the handling of the 2004 Will." We also take as true Hartwell's statement that, "[a]bsent [his] father's representations that he was handling the 2004 Will, [Hartwell] would

6

have taken it upon [him]self to determine what was necessary to probate the 2004 Will and handle [his] grandmother's estate."

Based on those statements, Hartwell relies on *Buckner v. Buckner*, 815 S.W.2d 877 (Tex. App.—Tyler 1991, no pet.). In *Buckner*, the court determined that the parties, husband and wife, enjoyed a fiduciary relationship. *Id.* at 880 (citing *Wiley & Co. v. Prince*, 21 Tex. 637 (1858); *Bohn v. Bohn*, 455 S.W.2d 401, 406 (Tex. App.—Houston [1st Dist.] 1970, writ dism'd) (Texas has long recognized confidential relationship between husband and wife)). Although wife "sought to have her father-in-law's will probated" on "numerous occasions," "on each of those occasions [husband] disapproved of probating that will and dissuaded her from offering the will for probate by asserting that the property was '[theirs]' and that no purpose would be served by probate." *Id.* at 881. There was also evidence of husband's "intent to induce" wife not to probate the will. *Id.* at 882. That evidence resulted in the court's ruling that wife was not in default in failing to probate her father-in-law's will until five years following his death. *Id.* at 880–82.

In this case, Hartwell did not plead the existence of a fiduciary relationship with his father until he filed his response to the motion for summary judgment. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (per curiam) ("Ford [could not] avoid constructive notice by claiming fiduciary relationship. . . as he neither pleaded nor proved such a relationship in the trial court"). The Siblings objected to this newly pled claim. "When new claims are asserted in a non-movant's summary judgment response, the movant has two options: (1) object that the claims have not been pled; or (2) respond on the merits and try the issue by consent."

7

*Pathak v. Harris Cnty. Hosp. Dist.*, No. 14-08-00020-CV, 2009 WL 972552, at *2 (Tex. App.—Houston [14th Dist.] Mar. 24, 2009, no pet.) (mem. op.) (citing *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam)). Because the Siblings objected to the late-pled fiduciary relationship claim, that claim was "not tried by consent." *Id. Buckner*, which is premised on the husband's fiduciary duty to his wife, is therefore not applicable here.

There is also no evidence that John made any misrepresentations to Hartwell to attempt to induce him not to probate the will. In fact, according to Hartwell, when he talked to his father about handling the will, John told Hartwell that he had done nothing with respect to the will. It was not until 2022, when Hartwell's father told him that he and his siblings had not discussed the will, that Hartwell decided that nothing was going to be done about the will. At most, the evidence shows that John indicated that he would handle the will but never did so.

In *Brown v. Byrd*, the applicant claimed she was not in default because she relied on her uncle, many years her senior and a respected member of the community, to probate the decedent's will. *Brown v. Byrd*, 512 S.W.2d 753, 757 (Tex. App.—Tyler 1974, no writ). The applicant also knew, however, that her uncle was not an attorney and that he had never offered a will for probate. The court rejected applicant's reliance argument to avoid default. *Id.* Hartwell's reliance argument is much the same. Yet, over the course of ten years during which the will was never filed for probate, Hartwell took no action to probate the will.

In short, the trial court was presented with "no evidence of diligence—and undisputed evidence of [Hartwell's] lack of reasonable diligence."[1] *Marshall v. Est. of Freeman*, No. 03-20-00449-CV, 2022 WL 1273305, at \*6 (Tex. App.—Austin Apr. 29, 2022, no pet.) (mem. op.). Because Hartwell failed to present any evidence that raised a genuine issue of material fact as to his lack of reasonable diligence, we find that the trial court did not err in granting the Siblings' motion for summary judgment.

## V.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     December 6, 2023
Date Decided:       January 10, 2024

---

[1]We further find that no material fact issues exist based on the differences in the parties' testimony. For purposes of our analysis, we take as true all evidence favorable to Hartwell.