Sergio YZAGUIRRE and Francisca Elodia Sanchez de Yzaguirre, Appellants,

v.

Hermila Y. GONZALEZ, Individually and as Independent Executrix of the Estate of Jesus Yzaguirre; Nori G. Galindo; Noemi G. Barrera; Nicasio Gonzalez, III; and KCS Resources, Inc., Appellees.

No. 04–97–00276–CV.

Court of Appeals of Texas, San Antonio.

Jan. 20, 1999.

Leonard J. Gittinger, Jr., L. John Gittinger, III, Mark J. Kass, Gittinger & Gittinger, San Antonio, for appellant.

Donato D. Ramos, Person, Whitworth, Ramos, Borchers & Morales, Laredo, Lin Hughes, Patton G. Lochridge, McGinnis, Lochridge & Kilgore, L.L.P., Austin, Charles R. Roberts, Jeffers & Bancak, San Antonio, for appellee.

Before PHIL HARDBERGER, Chief Justice TOM RICKHOFF, Justice ALMA L. LÓPEZ, Justice CATHERINE STONE, Justice PAUL W. GREEN, Justice SARAH B. DUNCAN, Justice KAREN ANGELINI, Justice.

## OPINION ON MOTION FOR EN BANC CONSIDERATION

SARAH B. DUNCAN, Justice.

Under Rule 19.l(b) of the Texas Rules of Appellate Procedure, this court's plenary power over its judgments does not expire until thirty days after all timely filed "motions for rehearing and motions to extend time to file a motion for rehearing" are denied. The issue presented is whether "motions for rehearing," as used in Rule 19.1(b), includes motions for reconsideration en banc. We hold that it does in light of the rule's ambiguous language, the absence of any indication of a contrary underlying intent, and public policy. To hold otherwise would empower a single judge to unilaterally deny en banc review simply by holding a motion until after the expiration of the thirty-day period of plenary power and would also risk an enormous waste of resources. Neither consequence is acceptable given the spirit and purpose of the rules.

### BACKGROUND

The panel's judgment and opinion issued May 20, 1998. Accordingly, the Yzaguirres' motion for rehearing was due fifteen days later, on June 4. Tex.R.App. P. 49.1.[1] This due date was ultimately extended until July 7, when the Yzaguirres filed their motion for rehearing. Thereafter, on July 21, the panel denied the motion for rehearing without altering its original opinion or judgment or issuing a supplemental opinion. Accordingly, a further motion for rehearing was not authorized, Tex.R.App. P. 49.5, and this court's plenary power was scheduled to expire on August 20. Tex.R.App. P. 19.1(b). However, on August 14, the Yzaguirres filed a motion asking the panel to vacate the trial court's judgment for lack of jurisdiction and dismiss the appeal, as well as a motion seeking en banc consideration of their motion to vacate and, if it was denied, en banc consideration of the panel's opinion and judgment. Through no fault of any employee or member of this court, the motion for en banc consideration did not begin to circulate until after August 20. Consequently, we must decide whether we retain jurisdiction to rule on the motion.

### DISCUSSION

If a timely motion for rehearing is filed, as it was in this case, this court's plenary power over its judgment expires thirty days after "all timely filed motions for rehearing and motions to extend time to file a motion for rehearing" are denied. Tex.R.App. P. 19.1(b). Therefore, our plenary power continues and we retain jurisdiction to rule on the Yzaguirres' motion for en banc consideration unless it was not timely filed or is not a "motion for rehearing" for purposes of Rule 19.1(b).

#### Timeliness of Motion

■ Rule 49.1 provides "[a] motion for rehearing may be filed within 15 days after the court of appeals' judgment or order is rendered." Tex.R.App. P. 49.1. However, Rule 49.3, entitled "Decision on Motion," plainly indicates the "motion for rehearing" referred to in Rule 49.1 is a motion for rehearing directed to and to be acted on by the panel. See Tex.R.App. P. 49.3. Recon-

---

1. All rule references are to the Texas Rules of Appellate Procedure unless otherwise indicated.

sideration en banc is not mentioned until Rule 49.7, which permits a court to order en banc reconsideration, with or without a motion, while it has plenary jurisdiction. TEX. R.APP. P. 49.7. In light of this language, we hold a motion for en banc review may be filed at any time within the period of plenary power. Litigants may therefore wait until the panel declines to revise its opinion and judgment before moving for en banc review. *Cf.* TEX.R. CIV. P. 1 (construe rules liberally to "obtain a just, fair, equitable and impartial adjudication" "with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable").

### *"Motion for Rehearing"*

 As noted above, en banc review of a panel's opinion and judgment and motions requesting this type of review are governed by Rule 49.7, which provides:

> While the court of appeals has plenary jurisdiction, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision. If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition.

TEX.R.APP. P. 49.7. Significantly, however, this rule is a part of Rule 49, which is entitled "Motion and Further Motion for Rehearing." The rules thus recognize that a motion for rehearing and a motion for en banc consideration are but two types of motions seeking reconsideration of an opinion and judgment, and an en banc motion does not lose its essential nature as a motion for rehearing merely because it is directed to the full court rather than to the panel. *Cf.* Minutes, Supreme Court Advisory Committee 5003–04 (Nov. 19, 1994) (using "motion for rehearing en banc" and "motion for en banc consideration" interchangeably). Therefore, while Rule 49.7 requires that we order en banc reconsideration within our plenary power, it does not purport to determine when that plenary power ends. That is the function of Rule 19.1.

Unlike Rule 49, Rule 19.1(b) references "all timely filed motions for rehearing" without distinguishing between motions for rehearing directed to the panel and motions for rehearing directed to the full court. Even more significantly, Rule 19.1(b) extends the courts of appeals' plenary power until thirty days after all timely filed motions for rehearing are denied; it does not extend plenary power until thirty days after all timely filed motions for rehearing are denied "by operation of law"—a concept with which the Supreme Court of Texas is certainly familiar and which it could have adopted in connection with the appellate courts' plenary power. *See* TEX.R. CIV. P. 329b(e) ("If a motion for new trial is timely filed by any party," the trial court's plenary power expires "thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."). In short, neither the language of Rule 19 nor its "legislative history" suggests it was intended to deprive this court of jurisdiction to rule on a timely filed motion for en banc consideration. And to hold otherwise would portend wasted resources, if not pernicious results.

Assume a litigant timely files a motion asking the panel to reconsider its decision. The panel is familiar with the case, and it quickly decides to deny the motion for rehearing. As a result, the countdown on the court's thirty-day period of plenary power begins. Meanwhile, the litigant, convinced the panel's decision is incorrect, learns another panel of the same court has ruled differently on the same question of law presented by his appeal. The litigant then files a motion for rehearing en banc. The motion for en banc review is circulated, and the fourth judge to review the motion believes the two opinions conflict on a significant, recurring question of law. This judge conducts additional research and ultimately votes to grant en banc review. The motion continues to circulate, with each judge voting as expeditiously as possible. By the thirtieth day after the date the panel denied the motion for rehearing, a clear majority of the court's judges have voted for en banc review but there is still one judge who has not yet voted. Should the motion then be dismissed for lack

of jurisdiction even though a majority of the court's members have voted to grant en banc review and several or all of the judges have expended extensive time and effort reviewing the substance of the motion, the conflicting opinions, and the applicable law? We believe not.

A contrary interpretation of Rule 19.1(b) also threatens a more sinister consequence: A single judge could unilaterally deny en banc review simply by holding the motion for more than thirty days after the panel denies the motion for rehearing. We hasten to add this did not occur here. But it is a possible consequence and one so at odds with the concept underlying en banc review that we will not interpret the rules to permit it.

### CONCLUSION

Neither the language of the rules nor their legislative history suggests a motion for rehearing to the full court is not a "motion for rehearing" for purposes of Rule 19.1(b), and common sense and sound policy mandate the contrary result. We therefore hold "motion for rehearing," as used in Rule 19.1(b), includes motions for reconsideration en banc. Consequently, we will consider the merits of the Yzaguirres' motion and dispose of it by separate order.