**Opinion and Order entered July 22, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00566-CV

**ERWIN CRUZ AND THE ERWIN A. CRUZ FAMILY LIMITED PARTNERSHIP, BOTH OF THEM INDIVIDUALLY AND ON BEHALF OF NORTH DALLAS MEDICAL IMAGING, LP, PLANO AMI, LP, AND GHANI MEDICAL INVESTMENTS, INC., Appellants**

**V.**

**MEHRDAD GHANI, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-16274**

## OPINION AND ORDER ON MOTION FOR
## EN BANC RECONSIDERATION

Before the En Banc Court
Opinion by Justice Carlyle

Erwin Cruz and the Erwin A. Cruz Family Limited Partnership, each individually and on behalf of North Dallas Medical Imaging, LP, Plano AMI, LP, and Ghani Medical Investments, Inc., appealed the trial court's judgment notwithstanding the verdict in favor of Mehrdad Ghani. After the court's original opinion issued, appellants and appellee each filed motions for rehearing. The court denied the motions for rehearing, withdrew its original opinion, vacated its judgment, and issued a different opinion on rehearing. *Cruz v. Ghani*, No. 05-17-00566-CV, 2018 WL 6566642 (Tex. App.—Dallas Dec. 13, 2018, pet. filed) (mem. op.).

The parties again filed motions for rehearing, both of which were denied on January 8, 2019, because rule 49.3 requires denial in the absence of "a majority of the justices who participated in the decision of the case." *See* TEX. R. APP. P. 49.3. Appellants filed a motion for en banc reconsideration fifteen days after that order issued. The en banc court requested appellee to file a response and appellee did so, arguing the motion for en banc reconsideration was untimely and that this court lacked jurisdiction to consider it.

When construing rules of procedure, courts apply the same rules of construction that govern the interpretation of statutes. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 579 (Tex. 2012). When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002); *In re Caballero,* 272 S.W.3d 595, 599 (Tex. 2008) ("In doing this, we give effect to all [a rule's] words and, if possible, do not treat any [] language as mere surplusage.").

Rule of appellate procedure 49.7 says,

> A party may file a motion for en banc reconsideration as a separate motion, with or without filing a motion for rehearing. The motion must be filed within 15 days after the court of appeals' judgment or order, or when permitted, within 15 days after the court of appeals' denial of the party's last timely filed motion for rehearing or en banc reconsideration. While the court has plenary power, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision. If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition.

TEX. R. APP. P. 49.7 (amended in 2008, adding the first two sentences to the rule). The supreme court added the phrase "when permitted" to rule 49.7 in 2008 and no court has clarified its meaning. The phrase's meaning gives us pause.[1]

---

[1] In an April 18, 2016 letter, the supreme court requested its Advisory Committee "to study and make recommendations" on rule 49.7, noting that "[t]he 'when permitted' language has caused confusion among practitioners and courts." In a June 10, 2016 meeting, the committee discussed rule 49.7, and Professor William Dorsaneo said requiring parties to combine motions for panel and en banc rehearing in the same motion was "not a good idea for the court; it's not a good idea for anybody, really." Meeting of the Supreme Court Advisory Committee, June 10, 2016, at 27067–68 (available at http://www.txcourts.gov/media/1405601/SCAC-06-10-16-Transcript.pdf). He noted that allowing serial filing allowed the panel an opportunity to fix a problem worth fixing before the en banc court was required to consider a case. *Id.* at 27065. The source of the "when permitted"

The rules of appellate procedure "recognize the goal of just, fair, and equitable resolution of issues." *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). The supreme court tells us to "construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997) (citations omitted); *accord Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996). The supreme court also said in *Verburgt* that it "has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Verburgt*, 959 S.W.2d at 616.[2] Further, the supreme court's opinion in *City of San Antonio v. Hartman*, 201 S.W.3d 667 (Tex. 2006), gives us issue-specific guidance.

I.

In *Hartman*, the supreme court was presented with a petition for review filed more than 45 days after the court of appeals's judgment but fewer than 30 days after the court of appeals denied a motion for "rehearing en banc." *Id*. at 670; *see* TEX. R. APP. P. 53.7(a) (petition for review must be filed "within 45 days after . . . (1) the date the court of appeals rendered judgment, if no motion for rehearing or en banc reconsideration is timely filed; or (2) the date of the court of appeals' last ruling on all timely filed motions for rehearing or en banc reconsideration"). The supreme court held that motion was timely because it was filed while the court of appeals still had plenary power, which expires "30 days after the court overrules all timely filed motions for rehearing or en banc

language was a mystery to the committee; it had not recommended the language, which was added only after referral to the court. *Id.* at 27063. We share the supreme court's observation that "when permitted" has caused confusion and the Committee Meeting sentiment that its inclusion in rule 49.7 is a mystery.

[2] Of course, we are not dealing with the question of the court's initial jurisdiction to hear an appeal as they were in *Verburgt*, so we take care not to read too much into it. That said, we note that the supreme court has recently addressed what exhausting "all appeals" means when addressing how long appointed counsel in parental-rights-termination appeals must continue to represent their clients: it "includes all proceedings" from trial to "proceedings in this Court." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Thus, the supreme court continues to view "appeals" as including litigation before it and we see ample reason to apply *Verburgt*'s guidance here.

reconsideration, and all timely filed motions to extend time to file such a motion." TEX. R. APP. P. 19.1(b).[3] "Because," the court said, "justices may request and grant en banc reconsideration even *after* an untimely motion (or no motion at all), there would be little point in setting a deadline for them." *Hartman*, 201 S.W.3d at 671; TEX. R. APP. P. 19.1(b), 41.2(c), 49.7. That motion and its later denial, the court held, "operated to extend the deadline" for the petition for review. *Hartman*, 201 S.W.3d at 671.[4]

Although the first two sentences of current rule 49.7 were added post-*Hartman*,[5] those sentences do nothing to proscribe rule 19.1's plenary power and do nothing to restrict rule 49.7's original two sentences allowing courts of appeals to order en banc reconsideration "with or without a motion." *See* TEX. R. APP. P. 49.7. We note that the 2008 changes did not insert a timeliness requirement in rule 49.7's plenary power sentence that motions be timely to trigger courts' plenary power. *See id.*; *see also Kunstoplast*, 937 S.W.2d at 456 ("It is our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule."). The dissent says the 2008 amendments to rule 49 make *Hartman* a "historical footnote" analyzing an "outdated, inapplicable version of rule 49.7." But the supreme court knows how to tell us when its rule changes address its case law or statutes[6] and though we do not suggest it must, it did not do so with

---

[3] In 2002, the supreme court amended rule 19.1 to specifically include motions for en banc reconsideration as bases to extend courts of appeals' plenary power. TEX. R. APP. P. 19.1 ("Comment to 2002 change: Subdivision 19.1 is amended to clarify that a motion for en banc reconsideration extends the court of appeals' plenary power in the same manner as a motion for rehearing addressed to the panel of justices who rendered the judgment under consideration.").

[4] *See also* TEX. R. APP. P. 19.1 cmt. to 2002 change, *supra* note 3; *Yzaguirre v. Gonzalez*, 989 S.W.2d 111, 113 (Tex. App.—San Antonio 1999, pet. denied) (if plenary power ends 30 days after the panel denies rehearing, there is a possible consequence "so at odds with the concept underlying en banc review," that "we will not interpret the rules to permit it": a single judge "could unilaterally deny an en banc review simply by holding the motion for more than thirty days").

[5] Pre-*Hartman*, the rule said only "While the court of appeals has plenary jurisdiction, a majority of the en banc court may, with or without a motion, order en banc reconsideration of a panel's decision. If a majority orders reconsideration, the panel's judgment or order does not become final, and the case will be resubmitted to the court for en banc review and disposition." TEX. R. APP. P. 49.7, 60 Tex. B.J. 926 (Tex. 1997, amended 2008, 71 Tex. B.J. 684). The current rule retains these sentences with only minor changes that do not affect our analysis.

[6] *See* TEX. R. APP. P. 47.7, cmt. to 2002 change: "The rule favors the use of 'memorandum opinions' designated as such except in certain types of cases but does not change other requirements, such as those in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635-636 (Tex. 1986)."; TEX. R.

the 2008 amendments. That silence may speak for itself. The same nine justices decided *Hartman* and wrote the 2008 amendments. *Hartman* is good law.

We are presented with a *Hartman* situation here. After the December 13, 2018 denial of rehearing with issuance of a new opinion and judgment in this case, both parties filed December 28, 2018 motions for panel rehearing. These motions were timely. TEX. R. APP. P. 49.5(b), (c). The panel denied those motions on January 8, 2019, and appellants filed the motion for en banc reconsideration on January 23, 2019. By the plain meaning of the appellate rules, appellants filed this motion while the court retained plenary power and the motion extended our plenary power. *See Hartman*, 201 S.W.3d at 671; TEX. R. APP. P. 19.1(b), 49.7. On this basis, we may consider the motion on its merits.

## II.

We disagree with the dissent's position that rule 49.5's conditions for filing further motions for rehearing apply to motions for en banc reconsideration and thus render appellants' en banc reconsideration motion untimely. The dissent's construction of rule 49 is contrary to that rule's directives and conflicts with rule 49.7's plain text.

Rule 49 is titled "Motion for Rehearing and En Banc Reconsideration." Its eleven provisions include rule 49.5, "Further Motion for Rehearing," which states, "After a motion for rehearing is decided, a further motion for rehearing may be filed within 15 days of the court's action if the court: (a) modifies its judgment; (b) vacates its judgment and renders a new judgment;

APP. P. 20.1, cmt. to 2008 change: "Subdivision 20.1(c)(3) is revised to provide that an appellate court must give an appellant who fails to file a proper appellate indigence affidavit notice of the defect and an opportunity to cure it before dismissing the appeal or affirming the judgment on that basis. *See Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex. 2006)."; TEX. R. APP. P. 29.5, cmt. to 2008 change: "Rule 29.5 is amended to be consistent with Section 51.014(b) of the Civil Practice and Remedies Code, as amended in 2003 . . . ."; TEX. R. APP. P. 41.3, cmt. to 2008 change: "Other minor changes are made for consistency. Subdivision 41.3 is added to require, in appellate cases transferred by the Supreme Court under Section 73.001 of the Government Code for docket equalization or other purposes . . . ."; TEX. R. CIV. P. 169, cmt. to 2013 change at paragraph 4: "Thus, the rule in *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938 (Tex. 1990), does not apply if a jury awards damages in excess of $100,000 to the party."; TEX. R. APP. P. 20.1, cmt. to 2016 change: "Furthermore, because a determination of indigence by the trial court carries forward to appeal in all cases, Family Code section 107.013 is satisfied."

or (c) issues a different opinion." TEX. R. APP. P. 49.5. Because rule 49's construction in its entirety is critical to our analysis of rule 49.5's applicability, we begin with a brief rule 49 overview.

Prior to 2008, rule 49 was titled "Motion and Further Motion for Rehearing" and consisted of ten provisions. Only one of those provisions, rule 49.7, mentioned en banc reconsideration.[7] The other provisions specifically addressed motions for rehearing and did not mention motions for en banc reconsideration.

The 2008 revisions to rule 49 included a "Comment" stating in part, "Rule 49 is revised to treat a motion for en banc reconsideration as a motion for rehearing and to include procedures governing the filing of a motion for en banc reconsideration." The dissent suggests this Comment directs us to treat motions for en banc reconsideration as motions for rehearing and thus, en banc motions are permitted after we deny a panel or en banc motion only if the conditions set forth in rule 49.5 are met. But the 2008 revisions belie that assertion.

First, the 2008 revisions changed the language of four of rule 49's provisions to specifically include motions for en banc reconsideration, while leaving the remaining provisions (other than rule 49.7) with language addressing only motions for rehearing.[8] Those revisions demonstrate that motions for en banc reconsideration are to be treated as motions for rehearing only for certain limited purposes. *See In re A.L.M.-F.*, No. 17-0603, 2019 WL 1966623, at *4 (Tex. May 3, 2019) (explaining we construe a statute "as a cohesive, contextual whole, accepting that [the] lawmaker-authors chose their words carefully, both in what they included and in what they excluded" and we "must harmonize statutory language when possible so that no terms are rendered useless");

---

[7] As described above, the pre-2008 version of rule 49.7 consisted of the last two sentences of the current rule. *See* 60 Tex. B.J. 926 (Tex. 1997).

[8] The provisions that now contain language addressing both motions for rehearing and motions for en banc reconsideration are rules 49.6 ("Amendments"), 49.8 ("Extension of Time"), 49.11 ("Relationship to Petition for Review"), and 49.12 ("Certificate of Conference Not Required"). *See* TEX. R. APP. P. 49.6, 49.8, 49.11, 49.12. Other rule sections continue to contain references to both motions for rehearing and motions for en banc reconsideration, which, if the dissent is correct, would be surplusage. *See* TEX. R. APP. P. 10.1(a)(5); 10.5(b)(3)(D); 19.1(a), (b).

*ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017) (in construing statutes, we presume "words not included were purposefully omitted"); *see also Va. Uranium, Inc. v. Warren*, 139 S. Ct. 1894, 1900 (2019) ("[I]n any field of statutory interpretation, it is our duty to respect not only what Congress wrote but, as importantly, what it didn't write.").

Second, the 2008 Comment says rule 49 "is revised to . . . include procedures *governing the filing of a motion for en banc reconsideration*," indicating that procedures governing motions for rehearing—which were already in the pre-2008 version—are not necessarily those governing motions for en banc reconsideration, i.e., the two types of motions are to be treated differently in at least one respect.

Third, as described in the Comment, the 2008 revisions to rule 49.7 added the two sentences set out above governing the filing of a motion for en banc reconsideration, one of which states in part "the motion must be filed within 15 days after the court of appeals' judgment or order." That requirement is identical to a portion of rule 49.1—which rule addresses "motions for rehearing" and remains titled "Motion for Rehearing"—and thus would have been unnecessary and redundant if, in fact, motions for en banc reconsideration were intended to be treated as motions for rehearing for all purposes. *See In re A.L.M.-F.*, 2019 WL 1966623, at *4 (explaining we "must harmonize statutory language when possible so that no terms are rendered useless"). Thus, viewing rule 49 in its entirety, the provisions described above indicate that motions for en banc reconsideration are to be treated as motions for rehearing only for certain specified purposes, none of which include rule 49.5.

Finally, rule 49.7's plain text is inconsistent with the application of rule 49.5's provisions. The dissent contends rule 49.7's second sentence means that an en banc motion filed after a court of appeals resolves a prior panel rehearing or en banc reconsideration motion is permitted only if the court of appeals changed its judgment or opinion as a result of such prior motion. But rule

49.7's plain text states "a party" may file a motion for en banc reconsideration "when permitted, within 15 days after the court of appeals' *denial of the party's last timely filed motion* for rehearing or en banc reconsideration." TEX. R. APP. P. 49.7 (emphasis added). While rule 49.5 allows for a further motion for rehearing in specified circumstances regardless of the type of disposition of the prior rehearing motion or which party filed it, rule 49.7 specifically describes the "denial" of "the party's" last timely filed motion. This inconsistency further demonstrates rule 49.5's inapplicability and rule 49's intent to treat the two types of motions the same only in the instances specified.

Our analysis leads to a holistic interpretation of rule 49 that prescribes a time limit of "15 days after the court of appeals' judgment or order" for motions for panel rehearing to be filed. TEX. R. APP. P. 49.1.[9] It prescribes that a party may file a further motion for panel rehearing "[a]fter a motion for rehearing is decided . . . within 15 days of the court's action if" certain criteria are met. TEX. R. APP. P. 49.5. A party may file a motion for en banc reconsideration "within 15 days after the court of appeals' judgment or order." TEX. R. APP. P. 49.7. And, "when permitted," a party may file a motion for en banc reconsideration "within 15 days after the court of appeals' denial of the party's last timely filed motion for rehearing or en banc reconsideration." *Id*. The significant phrase in the last sentence is "the party's"; rule 49.11 is similarly party-specific and is thus the only clear referent of 49.7's "the party's."

The "when permitted" portion of rule 49.7 thus describes the situation when party X files a motion for rehearing or reconsideration en banc, that motion is denied, and party X must evaluate whether it is permitted to file another motion. Rule 49.11 prohibits another motion if party X has filed a petition for review with the supreme court "unless the court of appeals modifies its opinion

---

[9] This section covers panel rehearing motions based on the panel's original opinion and judgment or panel rehearing motions based on a panel's amended opinion and judgment issued in the absence of a motion for panel rehearing. TEX. R. APP. P. 49.1; *cf*. TEX. R. APP. P. 49.5 ("After a motion for rehearing is decided . . . .").

or judgment after the petition for review is filed." Additionally, if still within "15 days after the court of appeals' judgment or order," and notwithstanding party X's petition for review, party Y could yet file a motion for rehearing or en banc reconsideration and the court of appeals could rule on that motion. *See* TEX. R. APP. P. 49.7, 49.11. Rule 49.5 has no application in the "when permitted" circumstance because rule 49.5 allows *any party* to file a motion as long as one of rule 49.5's criteria is met, while rule 49.7's "when permitted" clause addresses *a party* whose prior motion for panel or en banc reconsideration was denied.

In addition, the 2008 revisions added: (1) rule 49.11, which addresses "when" a party is or is not "permitted" to file a motion for rehearing or en banc reconsideration after a petition for review in the supreme court has been filed, and (2) the "when permitted" portion of rule 49.7. Those revisions, both added at the same time to rule provisions specifically addressing motions for en banc reconsideration, can be reasonably construed to correspond.

The dissent's interpretation of rule 49.7 suggests that only rule 49.5's inapplicable and inconsistent provisions define the timelines in this context. We identify at least one other section that describes "when" these motions are and are not "permitted." The question we seek to answer is not whether the plain-text meaning compels our conclusion; we have identified arguable interpretations of the relevant rules and are thus commanded to impose these interpretations to preserve the appeal. *See Verburgt*, 959 S.W.2d at 616; *Cruz v. Ghani*, No. 05-17-00566-CV, slip op. & order (Tex. App.—Dallas July 22, 2019) (Schenck, J., concurring at ¶¶ 11–12).

Appellants filed the motion for en banc reconsideration within 15 days after our order denying panel rehearing and thus it was timely. *See* TEX. R. APP. P. 49.7.

On the merits, we **DENY** appellants' motion for en banc reconsideration.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Schenck, J., concurring joined by Pedersen, III, J.
Whitehill, J., dissenting joined by Bridges, J., Myers, J., and Brown, J.

170566HF.P05