**KUNSTOPLAST OF AMERICA, INC. and Ashok K. Chauhan, Petitioners,**

v.

**FORMOSA PLASTICS CORPORATION, USA, Respondent.**

No. 96–0757.

Supreme Court of Texas.

Dec. 13, 1996.

Rehearing Overruled Feb. 21, 1997.

Matthew L. Benson, Roger R. Evans, Houston, for Petitioners.

Mark F. Elvig, Scott J. Davenport, Houston, for Respondent.

PER CURIAM.

We decide whether a corporate officer, who is not a licensed attorney, may nevertheless perfect an appeal by filing cash deposits in lieu of cost bonds on behalf of the corporation and an individual. The court of appeals held that he could not, and dismissed the appeal for want of jurisdiction. 928 S.W.2d 582. We reverse that judgment and remand the case to the court of appeals for consideration on the merits.

On November 30, 1995, Formosa Plastics Corp., U.S.A., obtained a judgment against Kunstoplast of America, Inc., and Ashok K. Chauhan. To perfect an appeal for both parties, Justin Seth, an officer of Kunstoplast, filed cash deposits in lieu of cost bonds on behalf of both Kunstoplast and Chauhan. *See* TEX.R.APP. P. 46(b), 48.

The court of appeals dismissed Kunstoplast's appeal, holding that only a licensed attorney can represent a corporation. 928 S.W.2d at 582. The court also dismissed Chauhan's appeal because he did not represent himself or appear by a licensed attorney as required by Texas Rule of Civil Procedure 7. *Id.* at 583. We reject the court of appeals' holding on both counts.

▪ Both Kunstoplast and Chauhan made bona fide attempts to invoke the court of appeals' jurisdiction by having Seth file their cash deposits in lieu of cost bonds. *See Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991); *Woods Exploration & Producing Co. v. Arkla Equip. Co.,* 528 S.W.2d 568, 570 (Tex.1975). "It is our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993). Generally a corporation may be represented only by a licensed attorney, *see Moore v. Elektro–Mobil Technik GmbH,* 874 S.W.2d 324, 327 (Tex.App.—El Paso 1994, writ denied), and an individual must appear in person or by an attorney. *See* TEX.R. CIV.

P. 7. We hold, however, that Texas Rules of Appellate Procedure 40(a)(1) and 41(a)(1) do not preclude a nonlawyer from performing the specific ministerial task of depositing cash with a clerk in lieu of a cost bond.

Accordingly, the Court grants Petitioners' application for writ of error and, without oral argument, pursuant to Texas Rule of Appellate Procedure 170, reverses the judgment of the court of appeals and remands this case to that court for further proceedings.