IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00273-CV

 

Forrest Property Management, Inc., 

Forrest Cleburne Properties, LP,

Forrest ChevRolet-Cadillac, Inc., 

and Forrest Pontiac-Buick-GMC Trucks, Inc.,

                                                                                    Appellants

 v.

 

Eddie McGinnis and Citizens Bank,

                                                                                    Appellees

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. C201000210

 



MEMORANDUM  Opinion



 

On August 31, 2010, the Court granted
the motions to withdraw of counsel for Appellants Forrest Property Management,
Inc., Forrest Cleburne Properties, LP, Forrest Chevrolet-Cadillac, Inc., and
Forrest Pontiac-Buick-GMC Trucks, Inc.  New counsel did not appear for
Appellants.

The Clerk notified Appellants by letter
dated October 5, 2010 that new counsel have not appeared for Appellants, who,
as corporations and a limited partnership, may appear and be represented only
by a licensed attorney.  See Kunstoplast of Am., Inc. v. Formosa Plastics
Corp., U.S.A., 937 S.W.2d 455, 456 (Tex. 1996); MHL Homebuilder LLC v.
Dabal/Graphic Resource, No. 14-05-00295-CV, 2005 WL 1404475 (Tex.
App.—Houston [14th Dist.] June 16, 2005, no pet.) (mem. op.).  Appellants were
ordered to retain counsel who were, within 21 days, to file a notice of
appearance, or the appeal would be dismissed for failure to comply with this
order and for want of prosecution.  Tex.
R. App. P. 42.3(b), (c); see MHL Homebuilder LLC, 2005 WL
1404475.

The Court has not received a notice of
appearance or a response otherwise from Appellants.  Accordingly, this appeal
is dismissed for failure to comply with this court’s order and for want of
prosecution.  Tex. R. App. P.
42.3(b), (c); see MHL Homebuilder LLC, 2005 WL 1404475.








 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Reyna, and 

Justice
Davis

Dismissed

Opinion
delivered and filed November 10, 2010

[CV06]

 






style="text-align: justify; line-height: 0.388889in">      A trial court's ruling on a motion to suppress lies within the sound discretion of the court. 
At the hearing on the motion, the trial court is sole judge of the credibility of the witnesses and
the weight to be given their testimony. Therefore, we must view the record evidence and all
reasonable inferences therefrom in the light most favorable to the trial court's ruling and must
sustain it if it is reasonably supported by the record and is correct on any theory of law. Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Villareal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996). Miranda warnings and art. 38.22 apply only to custodial interrogations. 
Douthett v. State, 931 S.W.2d 244, 263 (Tex. Crim. App. 1996).
      Steven Lee of CPS testified that Appellant voluntarily came to see him on March 29, 1995,
and gave his statement admitting the truth of his daughter’s allegations of sexual abuse. Lee
further testified he did not threaten Appellant to receive his attendance at the meeting; that he did
not threaten Appellant to give the statement and made no promises to him; that Appellant was free
to leave at anytime, before, during and after the statement process.
      The record shows Lee conducted a routine CPS inquiry into allegations of sexual abuse and
that there was no police involvement or investigation at that point.
      Appellant testified that Lee threatened to have him arrested if he did not give a statement and
that he was never told he could leave. There is no evidence Appellant ever sought to leave Lee’s
office and no evidence that he was prevented from doing so.
      Appellant came to Detective Pringle’s office on March 31, 1995. Pringle informed Appellant
that sexual assault allegations had been made by CPS and he wanted to hear his side. Appellant
first told Pringle he was pressured into signing the statement at CPS and wanted to recant it.
      Pringle then gave Appellant his Miranda warnings after which Appellant told Pringle that
everything he told CPS was true. Pringle testified he did not promise Appellant anything; did not
threaten or coerce him; that Appellant signed a statement which was basically the same as given
to CPS but which reflected that Appellant was given all Miranda warnings.
      Pringle further testified Appellant was free to leave at anytime and was not in custody at
anytime during the interview.
      The trial judge was authorized to believe Appellant was not in custody in either interview with
CPS or Detective Pringle. Additionally Miranda warnings were given by Detective Pringle. The
trial court did not abuse its discretion in denying Appellant’s motion to suppress his confessions.
      Point 1 is overruled.
      Point 2: Appellant’s conviction should be reversed because he received ineffective assistance
of counsel from his original attorney.
      Specifically, Appellant contends that his original attorney was ineffective for allegedly
advising him to meet with CPS and law enforcement authorities and, since he followed his advice,
he was pressured into confessing that he had molested his daughter and as a consequence was
forced to accept a plea bargain.
      Strickland v. Washington, 466 U.S. 668 (1984) and Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986), set the standard for analyzing a claim of ineffective assistance of counsel. 
These cases require a showing that counsel’s performance was deficient by the norm of the
community, plus a showing that the deficiency so undermined the proper function of the
adversarial process that the trial cannot be relied on as having produced a just result. The burden
of proving ineffective assistance of counsel is on Appellant and must be proved by a
preponderance of the evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 
In applying the Strickland test, appellate courts start with the basic but strong presumption that
trial counsel not only rendered adequate assistance but also made every significant decision in the
exercise of reasonable professional judgment. Strickland, supra, at 689-90. For an appellant to
overcome this strong presumption he must affirmatively prove that trial counsel was effectively
not functioning as counsel. Patrick v. State 906 S.W.2d 481, 493 (Tex. Crim. App. 1995), cert.
denied, 116 S.Ct. 323 (1996).
      Appellant claims he met with the CPS investigator because his original counsel advised him
to do so. Assuming, without deciding, that Appellant told the truth about his original attorney’s
advice, the record provides no hint of the rationale underlying that advice. Appellant and the
record fail to explain how such advice fell below the professional norm for reasonableness. If
Appellant told his original attorney that he had done nothing to his daughter, then the attorney
would have no reason for believing Appellant would go to the CPS investigator and confess to
having committed a crime which he had disclaimed. Morever, the advice to meet with CPS could
have been a strategic decision aimed at convincing the investigator of Appellant’s honesty and
innocence. That the strategy failed because Appellant decided to admit his criminal conduct does
not render the advice deficient.
      Appellant has not asserted that he confessed his guilt because his original attorney told him
to do so. Appellant has failed to prove by a preponderance of the evidence that his attorney’s
performance was deficient. Patrick v. State, supra, at 495.
      Point 2 is overruled. The judgments in both cases are affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 22, 1998
Do not publish