**Motion Granted; Dismissed and Memorandum Opinion filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00739-CV

---

### KEN S. OGBONNIA D/B/A FIRST TEXAS ENERGY, Appellant

### V.

### AT&T ADVERTISING, LP, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 988333**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final summary judgment signed July 25, 2011. On March 28, 2012, appellant filed a brief in this appeal. On April 17, 2012, this court struck appellant's brief for failure to comply with the Texas Rules of Appellate Procedure, specifically the requirements for citations to the record and to legal authorities. *See* Tex. R. App. P. 38.1 (listing the requirements for an appellant's brief). The court ordered appellant to file an amended brief in compliance with the

appellate rules. In addition, the court noted that Ken S. Ogbonnia filed the brief on behalf of First Texas Energy Corporation. The court informed appellant that if the corporation is appealing the judgment, the corporation is required to be represented by a licensed attorney in filing its appellant's brief. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.*, 937 S.W.2d 455, 456 (Tex. 1996) (holding that while a corporation is required to be represented by a licensed attorney, a nonlawyer may perform the ministerial task of perfecting an appeal). The court's order advised appellant that failure to comply could result in dismissal of the appeal. *See* Tex. R. App. P. 42.3.

Appellant requested and was granted several extensions of time to comply with the court's order to file an amended brief. On July 26, 2012, the court granted appellant a final extension of time until August 27, 2012. In September, appellant filed a response to the court's order in which he asserted that he had only recently received the order. Appellant did not file a brief or further motion for extension of time, however. Therefore, on November 6, 2012, the court issued an order stating that unless appellant filed a corrected brief by November 26, 2012, the appeal would be dismissed. On November 26, 2012, appellant filed a brief. The brief is identical to the brief filed eight months earlier. As with the first brief, the brief is deficient for several reasons, including that it fails to provide citations to the record and to authority. *See* Tex. R. App. P. 38.1(g),(h), (i).

On December 28, 2012, appellee filed a motion to dismiss the appeal because appellant failed to comply with our order to file a brief in compliance with the appellate rules. *See* Tex. R. App. P. 42.3. The motion has been on file more than ten days, and appellant has not filed a response. *See* Tex. R. App. P. 10.3(a).

Importantly, the statements of fact in appellant's brief must be supported by direct references to the record that are precise in locating the fact asserted. *Bolling*

*v. Farmers Branch I.S.D.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). Just as importantly, existing legal authority applicable to the facts and the legal questions we are called on to answer must be accurately cited. *Id.* We are not responsible for searching the record for facts that may be favorable to a party's position. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). We also are not responsible for supplying the legal research that might support a party's contentions. *See Canton–Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Because appellant has failed to comply with the briefing requirements of our appellate rules after having been given ample opportunity to do so, we grant appellee's motion and order the appeal dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

3