# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00395-CV

**Jose Chavez, Appellant**

**v.**

**Dalton Pugh and Nancy Pugh, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 15-0344-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jose Chavez, acting pro se, filed a notice of appeal attempting to challenge an "Interlocutory Default Judgment" in the underlying cause.[1] However, that interlocutory judgment does not dispose of all parties and claims in the underlying cause and no signed severance order appears in the record. Without a final judgment or an otherwise appealable order, we may not exercise appellate jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Cuarto Petro Corp. v. McGill Real Estate, LLC*, No. 04-06-00788-CV, 2006 Tex. App. LEXIS 11023, at *1 (Tex. App.—San Antonio Dec. 27, 2006,

---

[1] We note that the no-answer default judgment was taken against Avew Holdings, Inc. d/b/a Austin Patio & Outdoor Living and that the judgment identifies Chavez as Avew's President and CEO, but Chavez cannot represent the corporation pro se. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) ("Generally a corporation may be represented only by a licensed attorney.").

no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because trial court's order did not dispose of all causes of action and record did not contain order of severance).

On September 15, 2015, this Court requested that Chavez file a written response demonstrating this Court's jurisdiction over his appeal. No response was filed. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed: October 2, 2015