# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00101-CV

### 1 Fox 2 Productions, LLC, and Jacqueline Harrington, Appellants

### v.

### Mercedes-Benz USA, LLC d/b/a Mercedes Benz of Austin and
### Mercedes-Benz Financial Services USA, LLC, Daimler Truck, Appellees

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-003895, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Limited-liability company 1 Fox 2 Productions ("Fox") and its owner, Jacqueline Harrington, both attempting to proceed pro se,[1] appeal from the district court's final summary judgment ordering that Fox take nothing on its claims against Mercedes-Benz USA, LLC ("Mercedes USA") and that Mercedes-Benz Financial Services USA, LLC—Daimler Truck ("Mercedes Financial")[2] should recover an award of $24,968.00, plus pre- and post-judgment interest, court costs, and possession of a 2015 C-300 sedan from Fox and Harrington. In response to the appeal, Mercedes moves this Court to dismiss the cause, arguing that the notice of appeal is untimely and that Harrington, who is not an attorney, lacks capacity to file notice of

---

[1] We hold pro se litigants to the same standard as those represented by counsel. *United Copper Indus., Inc. v. Grissom*, 17 S.W.3d 797, 805 n.6 (Tex. App.—Austin 2000, pet. dism'd).

[2] Where accurate and convenient, we will refer to Mercedes USA and Mercedes Financial collectively as "Mercedes."

appeal on behalf of Fox. Because we conclude Harrington and Fox have timely perfected appeal but failed to identify any reversible error or abuse of discretion below, we will deny the motion to dismiss and affirm the judgment.

## BACKGROUND

This is a dispute over a vehicle Fox leased from Mercedes USA and financed through Mercedes Financial. The material facts are largely undisputed. On or around December 28, 2015, Fox selected the vehicle with the assistance of Mercedes USA and executed a lease with Mercedes Financial. Pursuant to the terms of the lease, Fox accepted delivery of the vehicle and agreed to make periodic payments of $582.24 per month for 36 months, at which point Fox could choose to return the vehicle or exercise a purchase option. Harrington signed the lease on behalf of Fox and signed a guaranty in which she "absolutely and unconditionally guarantee[d] payment of all amounts owed under the lease." Fox initially complied with the terms of the lease, but neither Fox nor Harrington made any payments after September 29, 2016, instead insisting that they were entitled to a replacement vehicle because the leased vehicle had "manifested . . . dangerous defects and recalls that caused its engine to catch fire while trying to start."

In August of 2017, Harrington, acting on behalf of herself and her company, sued Mercedes USA and Mercedes Financial in Travis County district court, alleging theories of breached contract, breached warranty, fraud, negligence, and deceptive trade. Each defendant filed an answer and general denial. Mercedes Financial followed with a counterpetition for relief, alleging breach of contract against both Fox and Harrington. Mercedes Financial later amended its counterpetition to include a claim of conversion in addition to the claim of breach.

2

As relief, Mercedes Financial sought actual damages, return of the vehicle, court costs, and attorney's fees.

The defendants then jointly objected to Harrington's attempts to represent Fox, urging the trial court to strike Fox's claims from the petition for relief and arguing that only a licensed attorney may file pleadings on behalf of a business organization. Fox responded to the motion to strike by retaining attorney Tony A. Pitts to represent Fox in the matter. Harrington then nonsuited her own claims, leaving Fox as the only plaintiff.

Fox filed an amended petition for relief, which relied exclusively on a claim of fraudulent inducement and an alleged violation of the Deceptive Trade Practices Act, *see* Tex. Bus. & Com. Code § 17.46(b). As relief for these alleged grievances, Fox sought actual damages, exemplary damages, court costs, attorney's fees, and "vitiation of the contract." The defendants then moved for summary judgment on all claims, with Mercedes Financial filing a motion for traditional summary judgment on its own claims and Mercedes USA filing a motion for no-evidence summary judgment on Fox's claims. Fox filed a response to the traditional motion, and Pitts then asked to withdraw from the case, explaining that he found himself unable to "communicate effectively" with his client and complaining that he had not been paid for his work on the case. The court granted Pitts's motion to withdraw over Fox's objections; Fox did not retain other counsel. Harrington then filed a second amended petition on behalf of Fox. That petition is substantively identical to the first amended petition. Harrington also filed a motion to compel discovery on behalf of Fox.

The case proceeded to a hearing on the motions for summary judgment. Harrington appeared pro se and served as Fox's only representative at the hearing. After taking the motions for summary judgment under advisement, the district court granted both motions for

3

summary judgment and denied the motion to compel. The court then rendered final judgment ordering that Fox take nothing on its claims and awarding Mercedes Financial $24,968.00, plus pre- and post-judgment interest, court costs, attorney's fees, and possession of the vehicle.

Harrington now appeals the final judgment, filing a notice of appeal on her own behalf and on behalf of Fox. In support of the appeal, Harrington filed a document consisting of twenty questions that she contends show error or abuse of discretion on the part of the district court.[3] Mercedes urges this Court to dismiss the appeal for want of jurisdiction, or, in the alternative, to deem the arguments waived for failure to comply with applicable briefing rules. We will address the jurisdictional arguments before proceeding to the points of error.

**MERCEDES'S MOTION TO DISMISS**

Mercedes presents two arguments in its motion to dismiss this appeal. First, Mercedes contends the "notice of appeal is untimely as it was not filed within 30 days after the rendition of final judgment." Second, Mercedes argues that Harrington "cannot file a notice of appeal on behalf of a corporate entity." We will address the arguments in turn.

Mercedes first argues that we have no jurisdiction over this appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction . . . ."). With respect to an appeal from final judgment, "notice of appeal must be filed within 30 days after the judgment is signed." *See id.* R. 26.1. In this case, the court rendered final judgment on January 6, 2020. The parties therefore had until February 5, 2020, to file notice of appeal. Harrington, however, filed

---

[3] On November 30, 2020, Harrington sought leave to file an untimely additional brief in this matter. Upon examination of the record and the request, we deny the request for leave. *See* Tex. R. App. P. 10.5(b)(1) (outlining requirements for seeking such leave).

her notice of appeal two days later, on February 7, 2020.  And while Rule 26.1 includes certain exceptions to the filing deadline, such as when a litigant files a motion for new trial, no one argues that one of those exceptions applies here.  We nevertheless decline to dismiss the appeal as untimely filed.  The Supreme Court of Texas has instructed the lower courts to infer a motion to extend the deadline to file notice of appeal when an appellant, acting in good faith, files her notice after the time allowed by Rule 26.1 but within the 15-day grace period provided by Rule 26.3.  *See id.* R. 26.3 (allowing litigants to file motion to extend deadline to file notice of appeal within 15 days of deadline's expiration); *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997) (construing predecessor to Rule 26).  Thus, because Harrington filed notice of appeal within the 15-day grace period, and because no one contends Harrington was not acting in good faith, we will infer the motion to extend the deadline and thereby deem the notice of appeal as timely filed.

Mercedes next argues that Harrington, who is not an attorney, lacks the capacity to file notice of appeal on behalf of Fox.  We disagree.  Mercedes is correct that as a general matter, a corporation or other business entity may only be represented by an attorney admitted to practice law in the relevant jurisdiction.  *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.*, 937 S.W.2d 455, 456 (Tex. 1996).  Yet the Supreme Court of Texas has held that the limitation on representation does not extend to ministerial tasks such as perfecting appeal.  *See id.*  In *Formosa Plastics*, a corporation known as Kunstoplast wished to challenge an adverse judgment and had one of Kunstoplast's corporate officers, who was not an attorney, file the notice of appeal and deposit the supersedeas cash with the clerk of court.  *See Chauhan v. Formosa Plastics Corp., U.S.A.*, 928 S.W.2d 582, 582 (Tex. App.—Houston [14th Dist.] 1996, writ granted), *rev'd sub nom. Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.*,

5

937 S.W.2d 455, 456 (Tex. 1996). The court of appeals dismissed the appeal for want of jurisdiction, explaining, "A notice of appeal filed by an officer who is not a licensed attorney on behalf of a corporation is not effective to perfect an appeal." *See id.* Kunstoplast applied for writ of error, and the high court reversed, reinstating the appeal after explaining that the officer had made "bona fide attempts to invoke the court of appeals' jurisdiction." 937 S.W.2d at 456.

Here, Harrington filed a notice of appeal that states, "Jacqueline Harrington, non–attorney corporate plaintiff and 1 Fox 2 Productions Inc. & files this Notice of appeal appealing the Judgment entered on Jan 6, 2020."[4] She subsequently filed a docketing statement listing both Fox and herself as appellants. She later filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" on behalf of Fox and herself, allowing the district court to provide this Court with a copy of the record in the case. On this record, we conclude that Fox's corporate officer, like the officer of Kunstoplast, made a "bona fide attempt" to perfect the appeal. We therefore reject Mercedes's request that we dismiss Fox's appeal for want of jurisdiction. Having rejected Mercedes's arguments for dismissal, we deny its motion to dismiss.

## MERITS OF THE APPEAL

Harrington has filed, on her own behalf and purportedly on behalf of Fox, a four-page brief consisting of twenty questions, each of which alleges one or more errors or discretionary abuses on the part of the district court. Although these arguments are not entirely clear, *cf.* Tex. R. App. P. 38.1(f), and while the contentions are generally unsupported by citations to the record or legal authority, *cf. id.* R. 38.1(i), we will address the arguments to the

---

[4] When quoting the appellants, we will leave spelling and grammar unchanged.

extent we can discern them and will approach them in the order that best facilitates this discussion.

**Points 3 and 4**

In points 3 and 4, Harrington argues that this Court should exercise jurisdiction over the appeal because Harrington received "no notice of entry of judgment" and because "it is unclear when the permission to appeal deadline ended." As we have already explained, we will infer a motion to extend the deadline to file notice of appeal and thereby deem the notice timely filed. We therefore need not address these arguments.

**Points 1, 17, 18, and 20**

Points 1, 17, 18, and 20 allege errors and abuses that only affect Fox.[5] As already explained, while a corporate officer may perfect an appeal on behalf of the corporation, *see Formosa Plastics*, 937 S.W.2d at 456, only an attorney may represent a business entity in court, *see id*. Once the appeal is perfected, a lay officer may not litigate the issues on appeal. *See Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 521 (Tex. App.—El Paso 2014, pet. dism'd

---

[5] Point 1 asks, "Weather the trial court applied the application of law when allowing Attorney Tony Pitts to withdraw from the 1 Fox 2 Corporation?" Point 17 asks, "Weather trail court granted the Motion for Summary Judgment without adequate time for discovery." Although this point does not specify which summary-judgment adjudication is challenged, we construe this as a reference to the court's adjudication of the no-evidence motion for summary judgment on Fox's claims against Mercedes USA. *See* Tex. R. Civ. P. 166a(i) (allowing no-evidence motion "after adequate time for discovery"); *Allen v. United of Omaha Life Ins*., 236 S.W.3d 315, 326 (Tex. App.—Fort Worth 2007, pet. denied) (explaining that adequate-time-for-discovery provision only applies to no-evidence motions). Like point 17, point 20 also challenges the adjudication of the no-evidence motion, asking "[w]eather trail court considered the TRCP and the application of law or considering the record on file or [the] answer to raise a genuine issue of material fact" on Fox's claims against Mercedes USA. Point 18 asks, "Weather the trial court applied the application of law when denying all the corporate plaintiffs Motions to Amend . . . or Motion to Compel," which were filed by Fox as the only remaining plaintiff in the case.

7

w.o.j.) ("A non-attorney is permitted to file documents on behalf of corporations for limited purposes, but is still prohibited from representing the corporation in court proceedings."). Thus, because Harrington cannot present these arguments to this Court, we do not reach the issues, and we reach her remaining points of error only to the extent she presents them on her own behalf.

**Points 15 and 19**

Points 15 and 19 allege error in that "Carolyn Mauzy presides over the case which should have been heard by the Honorable Laura Livingston" in the 353rd district court. The argument is not persuasive. It is now well settled that district courts may operate central-docket systems, *see* Tex. Const. art. V, § 11 (authorizing judges to "exchange districts, or hold courts for each other"); *Walker v. Jenkins*, No. 03-18-00235-CV, 2018 WL 3059962, at *2 (Tex. App.—Austin June 21, 2018, no pet.) (mem. op.) ("[D]istrict courts are authorized to operate on central-docket systems."), and that Travis County has adopted rules allowing and governing the operation of its rotating central-docket system, *see* Tex. R. Civ. P. 3a (allowing district courts to make local rules); Travis Cty. Dist. Ct. Loc. R. 1.2 (providing that all civil cases other than those on specialized dockets are set on central docket), 1.3 (allowing any district judge to preside over hearing on central docket). Accordingly, we overrule these points of error.

**Points 10, 12, and 14**

Points 10, 12, and 14 complain of certain evidentiary rulings. Points 10 and 14 complain that the district court "excluded and failed to consider" an affidavit filed in response to the two motions for summary judgment. The record belies this argument. While it is true that the defendants jointly objected to the affidavit and asked the district court to strike that evidence

8

from the record, the court ultimately overruled that objection on April 12, 2019. We therefore overrule points 10 and 14.

Point 12 complains that the district court should have considered "the discovery responses sent to opposing Party on August 2017, which should have been deemed admitted or precluded the entry of the MSJ" against Harrington and Fox. Harrington's brief, however, does not describe those "discovery responses," does not point this Court to their location in the record, and does not provide any authority to support the argument that the district court "should have" considered the responses but did not. We therefore deem the argument waived. *See* Tex. R. App. P. 38(i); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 230 (Tex. App.—Austin 2018, no pet.) ("In the absence of any guidance from [litigant] as to where the evidence can be found or how it supports the elements of its claim, we are not required to sift through the record in search of such evidence.").

**Point 2**

In Point 2, Harrington complains that summary judgment on Mercedes Financial's claims against Fox and Harrington "is improper." We construe this as a contention that Mercedes Financial failed to satisfy its burden to show its entitlement to judgment as a matter of law on its claims of breach of contract and conversion. *See* Tex. R. Civ. P. 166a(c)

To prevail on a motion for traditional summary judgment, a party must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See id*.; *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). When a litigant moves for summary judgment on its own claim, it must conclusively establish each element of the claim. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). To defeat the

9

motion, the nonmovant must show that there remains a genuine issue of material fact on at least one element of the claim. Tex. R. Civ. P. 166a(c). "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." *City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678 (Tex. 1979). We review summary judgment de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

The elements of breach of contract are: (1) the existence of a contract between the parties, (2) performance or tendered performance by the party alleging breach, (3) a breach of the contract by the party defending against the allegations of breach, and (4) damages caused by the breach. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). In support of its motion for summary judgment, Mercedes Financial produced a copy of the lease and guaranty and an affidavit executed by Mandrae Collins, a "charge-off supervisor" for Mercedes Financial. Collins averred that Fox had executed the lease, that Harrington had guaranteed the lease, that Fox had accepted delivery of the vehicle, that Fox had breached the lease by prematurely discontinuing payments in September of 2016, that Harrington had breached the guaranty by failing to provide those payments, and that Fox had further breached the lease by failing to return the vehicle at the lease's maturity on December 28, 2018. She averred damages in the amount of at least $24,968.00. Mercedes Financial therefore satisfied its initial burden to conclusively establish each element of the claim of breach.

"Conversion is the 'unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights.'" *Wise v. SR Dall., LLC*, 436 S.W.3d 402, 412 (Tex. App.—Dallas

10

2014, no pet.) (quoting *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971), and citing *Texas Integrated Conv. Sys., Inc. v. Innovative Conv. Concepts, Inc.*, 300 S.W.3d 348, 376 (Tex. App.—Dallas 2009, pet. denied)). To establish its claim of conversion of personal property against Fox and Harrington, Mercedes Financial had to prove: (1) Mercedes Financial owned, had legal possession of, or was entitled to possession of the property; (2) Fox and Harrington unlawfully and without authorization, assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, Mercedes Financial's rights; (3) Mercedes Financial made a demand for the property; and (4) Fox and Harrington refused to return the property. *See id.* In her affidavit, Collins averred that Mercedes Financial was entitled to return of the vehicle at the expiration of the lease, that Mercedes Financial had explained its entitlement to Harrington, that Mercedes Financial had insisted on its return, and that Harrington and Fox refused to return it. Mercedes Financial therefore satisfied its initial burden to conclusively establish each element of the claim of conversion.

In response to the motions for summary judgment, Harrington executed an affidavit in which she averred that "Mercedes Benz know or should have known that the M274 Engine . . . was affected"[6] and then listed six alleged violations of the DTPA. She filed a response accompanied by a set of receipts showing expenses incurred in repairing and maintaining the vehicle. She also appended an unauthenticated article describing the "Mercedez-Benz 4-cylinder engine family" and a copy of a police report describing Mercedes Financial's unsuccessful attempt to repossess the vehicle. Harrington ultimately conceded the breach by Fox but explained:

---

[6] It is unclear from the record what this means.

11

There is ample evidence in the courts file that Defendants Negligence was the cause of the Breach of contract. Harassment and Emotional distress caused to plaintiff in her home on one occasion. See affidavit and police report attached hereto and incorporated herein by reference as Exhibit "A." Additionally, the fact that Mercedes Benz has a bulletin on the M274 describing the defective engine and numerous safety recalls under DTP establish a party's liability.

She continued:

Within days of receiving delivery of the vehicle. Plaintiff noted several defects in the vehicles functioning, some which were dangerous. In fact, at least once, the vehicle's engine light caught fire while trying to start. These defects were obvious and were not disclosed to plaintiff during the sales transaction neither was the defects associated with the M274 Engine, even though Mercedes Benz must have known about them since, they posted the bulletin in 2015. Prior to the sale date.

Even viewing the evidence and arguments in the light most favorable to the nonmovants, we cannot say that Harrington or Fox generated a genuine question of material fact on any of the essential elements of Mercedes Financial's claims of breach of contract or conversion. The allegation that Mercedes Financial or Mercedes USA's conduct "was the cause of the breach of contract" might be construed as a reference to the doctrine of excused performance, *see, e.g.*, *Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 436 (Tex. 2017) (outlining contours of doctrine), but Fox and Harrington waived that defense by failing to plead it, *see* Tex. R. Civ. P. 94 (requiring party to "set forth" affirmative defenses); *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 852 (Tex. App.—Dallas 2005, pet. denied) ("[T]he contention that a party to a contract is excused from performance because of a prior material breach by the other contracting party is an affirmative defense that must be affirmatively pleaded."). And the remaining arguments are apparent attempts to generate fact issues on Fox's claims against Mercedes—not on the contract and conversion claims subject to Mercedes

Financial's motion for summary judgment. Thus, because Mercedes Financial conclusively established each element of its claims of breach of contract and conversion, it is entitled to judgment as a matter of law on those claims and the district court did not err in granting the motion for summary judgment. Tex. R. Civ. P. 166a(c). We overrule the point of error.

**Points 8 and 16**

In points 8 and 16, Harrington argues that the trial court "granted more relief to [Mercedes Financial] than what was requested." This argument is belied by the record. In the motion for summary judgment on its own claims, Mercedes Financial sought a recovery of "$24,968.00—consisting of $18,550.60 for delinquent lease payments, $5,822.40 in holdover fees, and a $595.00 disposition fee[,] and the return of the Vehicle." The record also reflects an outstanding request for the recovery of costs and fees should Mercedes prevail on its motion. The district court awarded the requested recovery—and nothing more—in its order disposing of the motion. We therefore overrule the points of error.

**Point 7**

In point 7, Harrington argues that the district court erred or abused its discretion by failing to file findings of fact or conclusions of law. Yet Harrington did not request findings of fact or conclusions of law. She therefore waived any right to complain of the absence of those findings and conclusions. *See* Tex. R. Civ. P. 296 (governing request); *Sharpe v. McDole*, No. 03-09-00139-CV, 2010 WL 2010849, at *3 (Tex. App.—Austin May 19, 2010, pet. denied) (mem. op.) ("When a party fails to request findings of fact and conclusions of law, any complaint about the trial court's failure to file findings and conclusions is waived." (citing *In re A.I.G.*,

135 S.W.3d 687, 694 (Tex. App.—San Antonio 2003, no pet.); *American Realty Tr., Inc. v. JDN Real Estate-McKinney, L.P.*, 74 S.W.3d 527, 530 (Tex. App.—Dallas 2002, pet. denied))).

**Points 5, 6, 9, 11, and 13**

The remaining points of error—points 5, 6, 9, 11, and 13—include vague references to "bias," "surprise," "unfair[ness]," and "reprimand," along with a reference to a legal standard governing appellate review of pleas to the jurisdiction. *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007). Because we cannot discern the substance of these arguments, we deem them—along with any other allegations not already addressed herein—waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i).

## CONCLUSION

Finding no error or abuse of discretion in the proceedings below, we affirm the district court's entry of summary judgment.

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed: January 7, 2021

14