**Affirmed in part; Reversed in Part and Remanded and Opinion Filed November 29, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00382-CV**

**SHYLA RYAN, Appellant**
**V.**
**TX RCG, LLC, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-13256**

## MEMORANDUM OPINION

Before Justices Partida-Kipness,[1] Nowell, and Smith
Opinion by Justice Smith

Appellant Shyla Ryan sued appellee TX RCG, LLC[2] and other defendants alleging damages resulting from mold exposure in her apartment. In a single issue, Ryan asserts the trial court erred in granting TX RCG's traditional and no-evidence motion for summary judgment on her causes of action for negligence, gross

---

[1] The Honorable Leslie Osborne participated in the submission of this case; however, she did not participate in issuance of this memorandum opinion due to her resignation on October 24, 2022. The Honorable Robbie Partida-Kipness has substituted for Justice Osborne in this case. *See* TEX. R. APP. P. 41.1 (a), (b)(1). Justice Partida-Kipness has reviewed the briefs and the record before the Court.

[2] TX RCG is not represented by counsel in this appeal and, therefore, was unable to file a brief. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp, USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam) (corporation can appear in court only through licensed attorneys).

negligence, violations of the Texas Deceptive Trade Practices Act (DTPA),[3] and fraud. We affirm the trial court's order in part, reverse the order in part, and remand this case to the trial court for further proceedings.

**Factual Background**

Ryan leased Unit #107 at the Thunderbird Condominiums (the property) in Dallas beginning June 16, 2015. At the time, VVSN Holding, LLC owned the property and Infinity Property Management, LP managed it. During Ryan's lease term, water leaked from her HVAC unit. She reported the problem to Infinity. She also understood that there had been a water leak under her building that required "further work." During 2016, she became ill with respiratory issues, headaches, fatigue, memory loss, shortness of breath, hives, and rashes.

On September 30, 2016, VVSN sold the property to Oyster Real Estate, LLC. The same day, Oyster sold the property to TX RCG, and TX RCG then sold the property to FUSO Corporation. TX RCG, however, and not Fuso, entered into an agreement with Mac Lamar Management, LLC, for Mac Lamar to manage the property beginning October 4, 2016.[4] On or about October 3, 2016, Ryan received a letter from Infinity notifying her that the property had been sold to TX RCG and Mac Lamar would be the new property manager.

---

[3] *See* TEX. BUS. & COM. CODE ANN. §§ 17.46, 17.49, 17.50.

[4] The CEO of Mac Lamar signed the agreement on October 3, 2016; the date of the TX RCG representative's signature is illegible in the record copy of the agreement attached to Ryan's response to TX RCG's summary judgment motion.

–2–

During the last two weeks of November 2016, Ryan observed mold on tile and sheetrock in her apartment. Mac Lamar paid for her to stay in a hotel for about three days at the end of November and beginning of December. According to Ryan, Mac Lamar "[e]ventually" did an air quality test. Ryan did not receive the results, but Mac Lamar informed her that she "would be all right as long as [her] immune system wasn't compromised or [she] wasn't sick."

On December 5, 2016, Ryan obtained an air quality test, which showed that the apartment contained toxic molds. Thereafter, she was afraid to stay in the apartment and stayed with friends most of the time. On December 9, 2016, Ryan's counsel notified Mac Lamar that the apartment was uninhabitable due to the toxic mold and the failure to repair and remedy.

## Procedural Background

On September 10, 2018, Ryan filed this lawsuit against VVSN, Infinity, and Mac Lamar, asserting claims for negligence, gross negligence, and DTPA violations. On November 21, 2018, Ryan filed a First Amended Original Petition, which added Oyster as a defendant,[5] and, on November 4, 2019, filed a Second Amended Original Petition adding TX RCG and Fuso as defendants.

---

[5] Ryan subsequently dismissed her claims against Oyster.

On April 1, 2020, TX RCG filed a traditional and no-evidence summary judgment motion.[6] In the traditional motion, TX RCG asserted the applicable two-year statutes of limitations barred Ryan's claims because Ryan judicially admitted suffering symptoms of mold, which worsened by fall of 2016, and, on December 5, 2016, knew from an air quality assessment that her apartment contained toxic molds. Ryan, however, did not sue TX RCG until November 4, 2019, almost three years later. TX RCG's no-evidence motion alleged Ryan failed to plead facts to show TX RCG committed any acts of negligence or gross negligence or that violated the DTPA.

On April 30, 2020, Ryan filed a Third Amended Original Petition. She added claims for statutory and common law fraud. Against all defendants, Ryan asserted a violation of Texas Business and Commerce Code section 27.01, alleging she relied on false promises inducing her to enter into her lease and stay in the apartment despite multiple signs of water penetration. With respect to TX RCG, Ryan also asserted a common law fraud claim alleging the representations regarding TX RCG's sale of the property were false or made recklessly as a positive assertion without any knowledge of its truth.

---

[6] VVSN, Infinity, Mac Lamar, and Fuso also moved for summary judgment, and the trial court entered orders granting their motions. Ryan initially appealed those orders, but has since dismissed her appeal as to those parties.

On May 1, 2020, Ryan filed a response to TX RCG's summary judgment motion. Relying on the discovery rule and the doctrine of fraudulent concealment, Ryan asserted that summary judgment on the statute of limitations was improper because there were fact questions regarding "when and how long TX RCG owned the [property]" and TX RCG's disclosure of its ownership. Further, TX RCG'S agent Mac Lamar knew the air quality in Ryan's apartment was not safe and TX RCG, as landlord, had a duty to provide Ryan with the results of Mac Lamar's air quality test and inform her that there was toxic mold in her apartment. TX RCG also "had a strong purpose, to keep its' ownership secret from the tenants." Finally, Ryan argued summary judgment as to the fraud claims asserted in the Third Amended Original Petition was improper because TX RCG did not address those claims in its summary judgment motion.

On April 22, 2021, the trial court entered an order granting TX RCG's summary judgment motion without specifying its basis for doing so. Ryan appeals the trial court's order. In a single issue, she asserts the trial court erred in granting TX RCG's traditional and no-evidence summary judgment motion.

## Standard of Review

We review a trial court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). If a defendant files a combination traditional and no-evidence motion for summary judgment, we first review the summary judgment under the no-evidence standard in Texas Rule of Civil

Procedure 166a(i).  *E.g.*, *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

"After adequate time for discovery, a party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial."  *See* TEX. R. CIV. P. 166a(i).  The nonmovant has the burden to produce summary judgment evidence raising a genuine issue of material fact as to each challenged element of its claim or defense. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).  "A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id*. (citations omitted).

For a traditional summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).  We review the record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).  A defendant moving for summary judgment on an affirmative defense must

conclusively establish the defense. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833–34 (Tex. 2018) (per curiam).

## No-Evidence Summary Judgment

In moving for no-evidence summary judgment, TX RCG asserted that Ryan "failed to plead facts to demonstrate that [TX RCG] committed any acts of negligence, gross negligence or violations of the [DTPA]." A no-evidence motion must specifically state the element or elements for which there is no evidence. TEX. R. CIV. P. 166a(i); *Community Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (rule 166a(i) "does not authorize conclusory motions or general no-evidence challenges"). Here, TX RCG challenged Ryan's pleadings and did not, as required, set out the specific element(s) of her causes of action for which there is no evidence. Because Texas courts strictly enforce this requirement, *see Hansen*, 525 S.W.3d at 695, we conclude that a no-evidence summary judgment on Ryan's negligence, gross negligence, and DTPA claims is improper.

## Traditional Summary Judgment

In its traditional summary judgment motion, TX RCG asserted the statute of limitations barred Ryan's negligence, gross negligence, and DTPA causes of action. The causes of action are subject to two-year statutes of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (suit for personal injury must be brought "not later than two years after the day the cause of action accrues"); TEX. BUS. & COM.

CODE ANN. § 17.565 (DTPA claims must be brought within two years "after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice").

"Ordinarily, the legal injury rule dictates that accrual occurs when 'a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.'" *Pasko*, 544 S.W.3d at 834 (quoting *Sw. Energy Prod. Co. v. Berry–Helfand*, 491 S.W.3d 699, 721 (Tex. 2016)); *see also Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) ("Causes of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy."). When a cause of action accrues is typically a question of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).

The discovery rule is an exception to the general rule of accrual. *Cosgrove v. Cade*, 468 S.W.3d 32, 36 (Tex. 2015). It is limited to "circumstances where 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Id*. (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). The discovery rule defers accrual of a claim until the injured party discovered, or in the exercise of reasonable diligence should have discovered, the nature of the party's injury and the likelihood that the injury

was caused by the wrongful acts of another. *Childs v. Haussecker*, 974 S.W.2d 31, 36, 40 (Tex. 1998). The discovery of the injury — not the identification of an alleged wrongdoer — initiates the accrual. *See id*.; *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 n.3 (Tex. 1992); *Richardson v. Bigelow Mgm't, Inc.*, No. 05-06-00213-CV, 2007 WL 1139775, at *2 (Tex. App.—Dallas Apr. 18, 2007, no pet.). Generally, it is a fact question as to when a plaintiff discovers or should have discovered the cause of the injury. *See Childs*, 974 S.W.2d at 44. But if reasonable minds could not differ about the conclusion to be drawn from the facts, when the limitations period commences may be determined as a matter of law. *Id*.

A defendant's fraudulent concealment of wrongdoing also can defer the running of the limitations period. *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011); *Kerlin v. Sauceda,* 263 S.W.3d 920, 925 (Tex. 2008). However, "[t]he estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Etan Indus.*, 359 S.W.3d at 623 (quoting *Borderlon v. Peck,* 661 S.W.2d 907, 909 (Tex. 1983)).

In her Third Amended Original Petition, Ryan alleges the statutes of limitations for her personal injury and DTPA causes of action are tolled because "the nature of the injury is inherently undiscoverable, and the evidence of injury is objectively **unverifiable**." She alleges generally that the toxic mold was unknown,

a proper mold assessment was not timely done and, when it was, she was not provided with the results and was told that the mold would not harm her.

The summary judgment evidence, however, shows that Ryan discovered the nature of her injury and the likelihood that injury was caused by the wrongful conduct of another no later than December 2016. Specifically, she observed mold in her apartment by late November 2016. That, combined with her ongoing symptoms, caused her to obtain an air quality assessment of the apartment and, by December 5, 2016, she learned that the apartment contained toxic molds. Accordingly, we conclude as a matter of law that Ryan's causes of action for negligence, gross negligence, and DTPA violations accrued no later than December 5, 2016.

Ryan nevertheless contends that TX RCG, because of its fraudulent concealment, should be estopped from asserting its limitations defense. In her response and sur-reply to TX RCG's summary judgment motion, she asserts the summary judgment evidence shows that Mac Lamar, as TX RCG's agent, withheld air quality results and knew Ryan's apartment was unsafe but told her otherwise. Ryan also contends there are fact issues precluding summary judgment as to whether (1) TX RCG sold the property on September 30, 2016; (2) TX RCG provided proper notice to Ryan about its ownership of the property; and (3) TX RCG retained Mac Lamar and, if so, for how long.

The doctrine of fraudulent concealment will only estop a defendant from relying on the defense of limitations until the plaintiff learns of the right of action or should reasonably have discovered it. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229–30 (Tex. 2015); *Etan Indus.*, 359 S.W.3d at 623. On or about October 3, 2016, Infinity informed Ryan that TX RCG had purchased the property; accordingly, she had notice then that TX RCG owned the property for at least some period of her lease term.[7] And, as noted above, Ryan discovered mold on tile and sheetrock in late November 2016 and an air quality assessment in December 2016 revealed that her apartment contained toxic molds. Thus, even assuming, without deciding, that TX RCG had a duty to disclose to Ryan information regarding air quality test results or its ownership of the property,[8] she was apprised of facts, conditions, and circumstances sufficient to know, or cause a reasonable person to make inquiry that would lead to the discovery, of her negligence, gross negligence, and DTPA causes of action against TX RCG no later than December 5, 2016.

---

[7] The summary judgment evidence also shows that a special warranty deed reflecting the sale of the property to TX RCG was recorded in Dallas County on October 10, 2016. A special warranty deed reflecting TX RCG's sale of the property to FUSO was not recorded until January 31, 2017. Although Ryan complains that she did not know of the subsequent sale to Fuso, her lack of knowledge as to Fuso's ownership did not prevent her from timely suing TX RCG for her claims against it.

[8] Ryan cites to Texas Property Code section 92.201(b)(3) to show that TX RCG had a duty to notify her of its name and address. Section 92.201 requires a landlord to disclose the name and address of the "holder of record title," but the landlord is required to provide the information only if the tenant requests it. TEX. PROP. CODE ANN. §§ 92.201(a)(1), (b), (c); 92.202(a)(1) (providing that landlord is liable to tenant if landlord does not provide the information after tenant requests it).

On these facts, we conclude as a matter of law that the fraudulent concealment doctrine does not apply to estop TX RCG from asserting its limitations defense. *See, e.g.*, *Exxon Corp.*, 348 S.W.3d at 209 ("Irrespective of the potential effect of fraudulent concealment or the discovery rule on limitations, actual knowledge of alleged injury-causing conduct starts the clock on the limitations period."); *KPMG Peat Marwick v. Harrison Cty. Fin. Corp.*, 988 S.W.2d 746, 749–50 (Tex. 1999) (same). Because Ryan did not file her Second Amended Original Petition until November 4, 2019, almost three years after her negligence, gross negligence, and DTPA causes of action accrued, the causes of action are barred by the applicable two-year statutes of limitations and the trial court properly granted TX RCG's traditional summary judgment motion on that basis. Therefore, we overrule appellant's issue with respect to her claims of negligence, gross negligence and DTPA violations.

**Disposition of Fraud Claims**

Ryan argues that summary judgment on her fraud claims against TX RCG was improper because the claims were not addressed in TX RCG's summary judgment motion or tried by consent. We agree.

Unpleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings. TEX. R. CIV. P. 67; *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (unpleaded issues may be tried by consent in summary judgment proceedings if there

–12–

is no objection to the lack of pleading). For an issue to be tried by consent, it must be absent from the pleadings and be knowingly developed as an issue in the case by both parties. *Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.,* 184 S.W.3d 760, 771 (Tex. App.—Dallas 2005, pet. denied).

TX RCG did not amend its summary judgment motion to address the fraud causes of action asserted in the Third Amended Original Petition. In a supplemental brief in support of its summary judgment motion, however, TX RCG asserted that Ryan's response "went at great length in attempt to provide summary judgment evidence in support of [her] new claims of common law and statutory fraud" and a "review of the pleadings and competent summary judgment evidence" reveals the parties have tried the fraud issues by consent.

The record shows that Ryan's briefing discussed allegations of TX RCG's failure to disclose information in relation to whether the fraudulent concealment doctrine applied to estop TX RCG from asserting a limitations defense. Further, she objected throughout her briefing that summary judgment was inappropriate on the fraud claims because TX RCG did not move for judgment on those claims. On this record, we cannot conclude that the parties tried the fraud claims by consent.

The trial court's order did not specify its grounds for granting summary judgment, but it constituted a final judgment[9] and, therefore, necessarily disposed of

---

[9] On March 25, 2021, the trial court entered orders grating summary judgment in favor of VVSN, Infinity, Mac Lamar and Fuso. Two of the orders expressly stated that they were "final judgment[s] that

–13–

all of Ryan's claims against TX RCG. Granting summary judgment on a claim not addressed in a summary judgment motion is reversible error unless the omitted claim "is precluded as a matter of law by other grounds raised in the case." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) (citing TEX. R. APP. P. 44.1(a)). TX RCG did not move for summary judgment on Ryan's fraud claims and nothing in the summary judgment record shows that those claims are precluded as a matter of law. Accordingly, we sustain Ryan's issue with respect to the fraud claims.

## Conclusion

We affirm the trial court's judgment in part and reverse in part. We affirm the judgment to the extent that it granted summary judgment in TX RCG's favor on Ryan's negligence, gross negligence, and DTPA causes of action against it. We reverse the judgment to the extent it granted summary judgment in TX RCG's favor on Ryan's fraud claims and remand the case to the trial court for further proceedings in accordance with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

210382F.P05

---

dispose of all parties and all claims and [are] appealable," and, therefore, constituted a final judgment. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) (an order issued without a conventional trial on the merits is final if it clearly and unequivocally states that it finally disposes of all claims and all parties, "even if review of the record would undermine finality"). The trial court then entered its order granting TX RCG's summary judgment motion on April 22, 2021, within the thirty-day period during which the court retained plenary power to change its judgment. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 294 (Tex. App.—Dallas 2009, no pet.).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHYLA RYAN, Appellant

No. 05-21-00382-CV      V.

TX RCG, LLC, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-13256. Opinion delivered by Justice Smith. Justices Partida-Kipness and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the trial court's April 22, 2021 Order Granting Defendant TX RCG, LLC's Motion for Summary Judgment to the extent it granted summary judgment in favor of appellee TX RCG, LLC on appellant Shyla Ryan's fraud claims against TX RCG, LLC. In all other respects, the trial court's April 22, 2021 Order Granting Defendant TX RCG, LLC's Motion for Summary Judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

Judgment entered this 29th day of November 2022.