**Opinion filed April 9, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00235-CV

_____

## SHER HOSPITALITY, INC.; GTHCC 2017, LLC; AND GTHCC, INC., Appellants

## V.

## ASI LLOYD'S AS SUBROGEE OF REAGAN VINEY, Appellee

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. CC24304**

### M E M O R A N D U M   O P I N I O N

On August 15, 2025, Jarnail Sihota filed a pro se notice of appeal from the trial court's final judgment against Sher Hospitality, Inc.; GTHCC 2017, LLC; and GTHCC, Inc. (the entities), purporting to proceed on behalf of the entities. We dismiss the appeal.

When this appeal was docketed, we informed Appellant that a pro se individual may not litigate an entity's rights in a representative capacity. *See* TEX. R.

CIV. P. 7; *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996). We informed the parties that if the entities desired to appeal the trial court's judgment, they must obtain counsel and have an attorney file an amended notice of appeal on their behalf, noting that the failure to do so would result in the dismissal of the appeal. *See* TEX. R. APP. P. 42.3; *Garrett Trucking, LLC v. Roscoe Collegiate Indep. Sch. Dist.*, No. 11-24-00225-CV, 2024 WL 4845964, at \*1 (Tex. App.—Eastland Nov. 21, 2024, no pet.) (mem. op.). On August 27, Lane A. Haygood filed an amended notice of appeal on behalf of the entities.

However, on January 30, 2026, after the clerk's record was filed but before Haygood filed an appellate brief,[1] Haygood filed a motion to withdraw because he had "been unable to communicate effectively with his client to obtain approval on the draft of the brief" and contractual agreements were not met by his client. We granted Haygood's motion to withdraw and informed the parties that he was removed as counsel for Appellants.

On March 4, because an attorney had not made an appearance on behalf of the entities and the entities' brief remained due in this court, we reminded Sihota in a letter to the parties that he could not represent the entities pro se, and that the entities must obtain counsel to (1) file a brief or (2) otherwise indicate a desire to prosecute the appeal on behalf of the entities. We extended the brief due date on our own motion to allow the entities an opportunity to do so, and we informed the parties that the appeal was subject to dismissal. An attorney has not filed an appearance or otherwise responded to our letter.

Generally, only a licensed attorney may appear and represent other parties. In this regard, a person may proceed pro se *only* to litigate his or her own rights, not to litigate the rights of others in a representative capacity. *See* TEX. R. CIV. P. 7;

---

[1] No reporter's record was taken in this cause.

*Kunstoplast*, 937 S.W.2d at 456; *Garrett Trucking*, 2024 WL 4845964, at *1; *see also* TEX. GOV'T CODE ANN. §§ 81.101, .102 (West 2023) (a person may not practice law on behalf of another unless that person is a member of the state bar); *id.* §§ 83.001–.006; *Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, orig. proceeding) (per curiam). As of this date, a licensed attorney has not filed an appearance or responded on behalf of the entities following Haygood's withdrawal. Because Sihota cannot represent the entities in this appeal, and the entities have not complied with our directives to obtain a licensed attorney to appear on their behalf and prosecute this appeal, we dismiss this appeal for want of prosecution and for failure to comply with our directives. *See* TEX. R. APP. P. 42.3(b), (c); *Garrett Trucking*, 2024 WL 4845964, at *1 (collecting cases).

This appeal is dismissed.


JOHN M. BAILEY
CHIEF JUSTICE


April 9, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.